IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONALD W. TOENNIGES,<br><br>         Plaintiff<br><br>         VS.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS,<br><br>         Defendant | NO. 1:09-CV-165 (WLS)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# ORDER

Plaintiff **DONALD W. TOENNIGES**, an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* 42 U.S.C. § 1983 complaint. Plaintiff has failed to present his claims on the standard 42 U.S.C. § 1983 form required by this Court. Plaintiff also has not submitted the required filing fee of $350.00 or a financial affidavit seeking leave to proceed *in forma pauperis*.

Accordingly, plaintiff is hereby **ORDERED** to complete and submit a 42 U.S.C. § 1983 form AND either submit the full filing fee of $350.00, or execute and return a financial affidavit seeking leave to proceed *in forma pauperis* including a copy of his trust fund account balance.

The Court notes that plaintiff's original complaint names only the Georgia Department of Corrections as a defendant. "[T]he Eleventh Amendment bars a §1983 action against a state and its agencies 'regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief'." *Maolud v. Sikes*, No. 1:06-CV-1043 (JEC), 2006 U.S. Dist LEXIS 22734, at *3-4 (N. D. Ga. Oct. 24, 2006 )(quoting *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989)); *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

The Court also notes that plaintiff has attached 19 pages of exhibits to his original complaint. Plaintiff is advised that when he submits the 42 U.S.C. § 1983 form, he is to complete the form and attach not more than five additional pages to the form. Plaintiff is not to attach any additional exhibits, affidavits, or letters at this time.

Moreover, plaintiff is to list the defendants that he wishes to sue and in both the heading and body of his complaint and explain exactly (and has briefly as possible) how each defendant has violated his constitutional rights. Plaintiff is advised to limit the number of defendants he is suing so that he can conform to the above-imposed limitation on the number of pages to be used. If plaintiff merely lists the defendants in the heading of the complaint and fails to tell the Court how the defendant allegedly violated his constitutional rights, the defendant will be subject to dismissal.

Plaintiff shall have until **NOVEMBER 19, 2009** to provide the aforementioned information. Plaintiff is advised that failure to submit the form, adhere to these instructions regarding the § 1983 form, pay the fee, or submit the required affidavit will result in dismissal of this action.

The clerk of court is **DIRECTED** to forward the appropriate § 1983 form and financial affidavit to plaintiff together with a copy of this Order

There shall be **no service of process** until further Order of the Court.

**SO ORDERED AND DIRECTED**, this 6th day of November, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE