IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONALD W. TOENNIGES, <br><br> Plaintiff <br><br> VS. <br><br> GEORGIA DEPT. OF CORRECTIONS, <br> Warden AMMONS, MARTY ALLEN, <br> Warden CYNTHIA NELSON, <br> Dr. SAUD, Dr. SMITH, KEITH JONES, <br> Warden DANNY THOMPSON, <br> Warden CLAY TATUM, <br> JOSE MORALES, DEBRA EDWARDS, <br> Mrs. SCARBOROUGH, Dr. AYERS, <br> Nurse PATRICIA BROWN, and <br> Sgt. JOHNSON, Lt. TOLBERT <br><br> Defendants | NO. 1:09-CV-165 (WLS) <br><br><br> PROCEEDINGS UNDER 42 U.S.C. § 1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

# ORDER AND RECOMMENDATION

Plaintiff **DONALD W. TOENNIGES,** an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the full $350.00 filing fee.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff Toenniges's original complaint set forth numerous allegations against one defendant— the Georgia Department of Corrections. In an Order dated November 6, 2009, the Court directed that plaintiff supplement his complaint and provided instructions regarding how to do so. Plaintiff responded to the Court's Order by submitting a shotgun complaint that listed twenty (20) defendants. In the body of his complaint, he complained about numerous issues but completely failed to link any of these allegations to the twenty (20) defendants he had named. Instead he urged the Court to "use the brief and exhibits for a much more detailed and documented account." In response, the Court ordered that plaintiff recast his complaint to comply with Federal Rule Civil Procedure 8.

Plaintiff has submitted a recast complaint in which he sets forth several claims against numerous defendants. The Court finds as follows:

(**1) Denial of medical care in January of 2006**

Plaintiff avers that he suffers from disc problems in his lower back and neck, a torn rotator cuff in his right shoulder, "undiagnosed pain in both feet," problems with his right hip, and a shortened right leg. He alleges that he underwent thirteen orthopædic operations prior to his incarceration. Plaintiff states that on January 17, 2006, Dr. Saud refused medical treatment for his "back, neck, shoulders, hip, and feet," and that Warden Nelson denied his grievance regarding this matter.

2

These claims against Dr. Saud and Warden Nelson must be dismissed as untimely. 42 U.S.C. § 1983 has no statute of limitations of its own. Instead, all § 1983 claims are governed by the state limitations statute governing personal injury actions. ***Wilson v. Garcia***, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code Ann. § 9-3-33. "Federal law determines when the statute of limitations begins to run." ***Lovett v. Ray***, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably regard for his rights'." ***Brown v. Georgia Bd. of Pardons and Paroles***, 335 F.3d 1259, 1261 (11th Cir. 2003)(quoting ***Rozar v. Mullis***, 85 F.3d 556, 561-62 (11th Cir. 1996)). The facts that would support plaintiff's cause of action against Dr. Saud and Warden Nelson should have been apparent to plaintiff in 2006. However, plaintiff did not file the instant action until November 2009, which is well after the two year statute of limitations has run.

Consequently, **IT IS RECOMMENDED** that plaintiff's claim regarding lack of medical care in January 2006, and his cvlaims against Dr. Saud, and Warden Nelson be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

**(2) Overcrowding**

Plaintiff Toenniges claims that the Georgia Department of Corrections has failed to modify Calhoun State Prison to accommodate the increase in inmate population. He contends that this has caused shorter meal times, increased the amount of dirty laundry, and resulted in too few medical personnel for the number of inmates. The State of Georgia and its agencies (including the Georgia Department of Corrections) are immune from suit under the Eleventh Amendment. ***See Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989); ***Pennhurst State Sch. & Hosp. v. Halderman***, 465 U.S. 89 (1984). Therefore, plaintiff cannot sue the Georgia Department of Corrections for the overcrowding of Calhoun State Prison.

Consequently, **IT IS RECOMMENDED** that this claim and the Georgia Department of Corrections be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

**(3) Denial of parole**

Plaintiff complains that he was not placed in a prison that offers "parole mandated classes" and that he has been denied parole because the Georgia Board of Pardons and Paroles ("the Board") are "not using their grid system."

Georgia inmates have no liberty interest in paroles. Moreover, there is no federal constitutional right to parole. ***Sultenfuss v. Snow***, 25 F.3d 1494 (11th Cir. 1994); ***Greenholtz v. Inmates of Neb. Penal & Corr. Complex***, 442 U.S. 1 (1979). Therefore, even if it is true that plaintiff has not been offered "parole mandated classes" and the Board is not using the grid system, these are not viable claims under 42 U.S.C. § 1983.

Consequently, **IT IS RECOMMENDED** that these claims regarding parole be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

**(4) Access to courts**

Plaintiff alleges that Debra Edwards took his "case law and exhibits" from him and that Warden Thompson denied his grievance regarding this. He also complains that mail room delivery has been "dropped to 4 days a week," and that the law library has only old books, three computers for 12 inmates to share during their allotted 2 hours, and no typewriters or reliable copiers. Plaintiff states that he has complained to defendant Morales regarding his lack of access to case law, but Mr. Morales has not responded.

There is no constitutional right to computers, copiers, typewriters or certain legal books. There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In order to state a cognizable claim of denial of access to the courts, plaintiff must "demonstrate the that alleged [inadequacies] . . . hindered his efforts to pursue a legal claim." *Id*. at 351. Plaintiff has not shown any injury due these various alleged inadequacies. Although plaintiff does state that the mail room staff delayed the mailing of his habeas corpus petition for 13 days, he does not allege that his habeas corpus case was dismissed as untimely or that any other adverse ruling resulted due to the 13 day delay. Moreover, plaintiff has failed to tell the Court who among the "mail room staff" delayed his mail. There is simply no way for the Court to serve a copy of the complaint on the "mail room staff."[1]

Consequently, **IT IS RECOMMENDED** that these claims regarding a lack of access to courts and defendants Thompson and Morales parole be **DISMISSED** from this action.[2] Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

**(5) Prisoner Trust Fund Accounts**

Plaintiff Toenniges complains that he "wrote D. W. Scarborough concerning money withdrawals to cover the myriad of expenses by himself, a *pro se* litigant, [and] D. W. Scarborough refused to move from her position, even though the [standard operating procedure] gives her discretion." It does not appear that plaintiff is alleging that his money has been stolen or wrongfully deducted. Instead, he appears to complain about the process he must undergo to deduct money.

---

[1] Keeping in mind any applicable statute of limitations, plaintiff may amend his complaint in the future if he maintains any actual injury occurred due the late mailing and if he can tell the Court who among the "mail room staff" actually caused his habeas corpus petition to be mailed in an untimely manner.

[2] Defendant Edwards cannot be dismissed as this time as she is named in plaintiff's claim regarding visitation.

5

This allegation fails to show a violation of any constitutional right. Day-to-day operation of the prison, including the manner in which a prisoner is allowed to deduct money from his trust fund account, is a matter within the province of prison authorities' administrative duties. As such, the federal courts accord deference to such administrative decisions. Even if defendant Scarborough violated standard operating procedure (which is not alleged) this would not alone show a constitutional violation. Therefore, the fact that defendant Scarborough exercised her discretion allowed under the standard operating procedure certainly does not show a constitutional violation.

Consequently, **IT IS RECOMMENDED** that this claim and defendant D. W. Scarborough be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

### (6) Dr. Ayers

Plaintiff has named Dr. Ayers in the heading of his re-cast complaint. However, he has made no allegations against Dr. Ayers. Consequently, **IT IS RECOMMENDED** that Dr. Ayers be **DISMISSED** from this action. *See Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986). Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

### (7) Denial of medical care in 2008 and later

Plaintiff Toenniges claims that in 2008 he complained about his many medical problems—including his inability to use his right shoulder— to **NURSE BROWN, DR. SMITH**, and **KEITH JONES**. He alleges that these defendants have ignored him and/or denied treatment. The claims against Nurse Brown, Dr. Smith, and Keith Jones will be allowed to go forward at this time.

**(8) Denial of visitation**

Plaintiff states that he has a court order that authorizes him visitation with his children. Plaintiff sates that he has shown this order to prison officials. However, in early 2008 and again in "late summer 2008" **KEITH JONES** and **DEBRA EDWARDS** refused to let him have visitation with his children. "[C]onvicted prisoners have no absolute constitutional right to visitation." *Beasley v. Wharton*, 683 F. Supp. 1234, 1236 (M. D. Ga. 1988). However, "the Eleventh Circuit has recognized that inmates retain some constitutional right to visitation, although that right may be curtailed by prison administrators. *Austin v. Hopper*, 15 F. Supp.2d 1210, 1233 (M. D Ala. 1998)(citing *Caraballo-Sandoval v. Honsted*, 35 F.3d 521 (11th Cir. 1994). At this stage in the litigation, this claim will be allowed to proceed.

**(9) Retaliation**

Plaintiff makes claims of retaliation against **SGT. JOHNSON, LT. TOLBERT, MARTY ALLEN, WARDEN AMMONS**, and **WARDEN TATUM**. While it is by no means clear that plaintiff will prevail on this claim, it will be allowed to go forward.

**SUMMARY OF CLAIMS AND DEFENDANTS**

In conclusion, plaintiff's claims of lack of medical care in 2008 and later, denial of visitation, and retaliation shall be allowed to proceed.

IT IS ORDERED AND DIRECTED that plaintiff Toenniges shall serve defendants **Nurse BROWN, Dr. SMITH, KEITH JONES, DEBRA EDWARDS, Sgt. JOHNSON, Lt. TOLBERT, MARTY ALLEN, Warden AMMONS, and Warden TATUM**; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendant(s) as required and permitted by law.

Because plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*, ***IT IS HIS RESPONSIBILITY TO SERVE THE COMPLAINT UPON THESE DEFENDANTS.*** Accordingly, **IT IS ORDERED** and **DIRECTED** that the Clerk of Court mail plaintiff a Rule 4 packet so that he may make service on defendants.  Plaintiff is advised that he has **120 days** from the filing of his complaint to perfect service on the defendants.  Fed. R. Civ. P. 4(m).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court;  to serve copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **No PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

☞ **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**ELECTION TO PROCEED BEFORE THE**
**UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 22nd day of November, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

**ADDENDUM TO ORDER**

NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.