IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DONALD W. TOENNIGES,                    :
                                        :
     Plaintiff,                        :
                                        :        *1:09-CV-165*
v.                                      :        CASE NO.: ~~1:08-CV-159~~ (WLS)
                                        :
DONNIE THOMPSON, Warden, *et al.*,      :
                                        :
     Defendants.                       :
_____ :

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed November 8, 2009. (Doc. 6). Judge Hicks recommended that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) be **DENIED**. Plaintiff filed an objection on November 20, 2009. (Doc. 8). For the following reasons, Plaintiff's Objections (Doc. 8) are **OVERRULED** and United States Magistrate Judge Hicks's Report and Recommendation (Doc. 6) is **ACCEPTED, ADOPTED** and made the Order of this Court

Judge Hicks found that upon review of Plaintiff's motion for injunctive relief, Plaintiff did not meet the prerequisites for the drastic remedy of issuance of a temporary restraining order or preliminary injunction. (Doc. 6). Plaintiff's objection (Doc. 8) asserts that a preliminary injunction is warranted to stop him from being transferred, secure medial care for alleged untreated shoulder problems, prevent prison officials from conducting shakedowns outside of his presence, require that inspections of law work may proceed only if the materials are face down, and mandate additional time for law library research. Plaintiff's objection also includes a

1

modified request for preliminary injunction (Doc. 8-2) asserting additional purported bases for a preliminary injunction.

"A district court may grant injunctive relief only if the moving party shows that: (1) [he] has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." KH Outdoor, LLC v. Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (internal quotations omitted).  The Court agrees with Judge Hicks's Recommendation that Plaintiff cannot meet the requisites for a preliminary injunction.  The Court finds that Plaintiff cannot show that he will suffer an irreparable injury unless an injunction is issued. Plaintiff's own documents indicate that he received medical care, his filings indicate that Plaintiff has had access to legal materials sufficient to cogently object to Judge Hicks's Report and Recommendation and file a Complaint and submit additional materials.  Nothing in Plaintiff's Complaint (Doc. 1), Motion for Temporary Restraining Order (Doc. 2), or Objection (Doc. 8) warrants drastic action– injunctive relief– by the Court.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 6) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein.  Accordingly, Plaintiff's Motion

for Temporary Restraining Order (Doc. 2) is **DENIED**.

      **SO ORDERED**, this 21st day of April, 2010.

                                    /s/ W. Louis Sands
                                    **THE HONORABLE W. LOUIS SANDS,**
                                    **UNITED STATES DISTRICT COURT**