**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DONALD W. TOENNIGES, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:09-CV-165 (WLS) |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, *et al.*, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed December 22, 2009. (Doc. 11). Following his Order (Doc. 9) that Plaintiff recast his Complaint to clarify his claims; Judge Hicks recommended that certain of Plaintiff's claims and specific named defendants be **DISMISSED** upon review of Plaintiff's Recast Complaint (Doc. 10). (*See* Doc. 11) Plaintiff filed an objection on January 7, 2010. (Doc. 15). For the following reasons, Plaintiff's Objections (Doc. 15) are **OVERRULED** and United States Magistrate Judge Hicks's Report and Recommendation (Doc. 11) is **ACCEPTED, ADOPTED** and made the Order of this Court

Judge Hicks found that 1) Plaintiff's denial of medical care claim in 2006 should be dismissed as untimely; 2) Plaintiff's claims of overcrowding against the Georgia Department of Corrections should be dismissed as the State of Georgia and its agencies are immune from suit; 3) Plaintiff's denial of parole claim should be dismissed as Georgia inmates have no liberty interest in parole and there is no federal constitutional right to parole; 4) Plaintiff's lack of access to the court claim should be dismissed since Plaintiff did not show injury since he suffered no

adverse ruling regarding the mailing of his habeas corpus petition and he failed to identify a member of "mailroom staff" who delayed his mail; 5) Plaintiff's prisoner trust fund accounts claims should be dismissed as prison authorities' administrative decisions are accorded deference and Plaintiff could not show a constitutional violation; and 6) Defendant Dr. Ayers should be dismissed as a party to the instant action since Plaintiff's Recast Complaint (Doc. 10) did not assert any allegations against Dr. Ayers. (Doc. 11). Having recommended dismissal of said claims, Judge Hicks also recommended that the corresponding Defendants Georgia Department of Corrections, Thompson, Morales, and D. W. Scarborough be dismissed as parties to the instant action. (Id.). Judge Hicks did not recommend dismissal of Plaintiff's claim regarding denial of medical care in 2008, denial of visitation, and retaliation. (Id.).

In his Objection (Doc. 15), Plaintiff contends that Judge Hicks erred in formulating his recommendation. Plaintiff contends that the statute of limitations for his denial of medical care in 2006 claim should not have started to run until February 14, 2007, on the basis of a grievance filed by Plaintiff in 2006 and a final answer received February 14, 2007; thus, Plaintiff states that his 2 year statute of limitations would not have expired until February 2009. As Judge Hicks noted in finding his claim time-barred, Plaintiff filed the instant action in November 2009; therefore, even if the Court were to adopt Plaintiff's formulation of when the statute of limitations started to run, plainly, the claim is time-barred. Plaintiff also objects to the dismissal of his overcrowding claim and states that he erred by not properly naming certain defendants. Plaintiff states that he will seek to amend his complaint to name proper defendants. Thus, Plaintiff does not state a sufficient basis to disagree with Judge Hicks's finding.

Plaintiff vigorously objects to Judge Hicks's finding that his denial of parole claim should be dismissed for lack of a federal constitutional liberty interest. Plaintiff chiefly rests his

reasoning on <u>Sultenfuss v. Snow</u>, 7 F.3d 1543 (11th Cir. 1993) in which the Court of Appeals for the Eleventh Circuit found the Georgia parole system created a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, at rehearing *en banc*, the Eleventh Circuit vacated its prior opinion, and held that the Georgia parole system <u>does not</u> create a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. <u>Sultenfuss v. Snow</u>, 35 F.3d 1494, 1499 (11th Cir. 1994). The Eleventh Circuit found that no federal constitutional liberty interest in the Georgia parole system existed since Georgia's regulations vested discretion in state decision-makers, did not require a pre-determined outcome based upon set criteria, and explicitly stated that regulations did not create a liberty interest in parole. Plaintiff asserts that Sultenfuss was no longer an inmate following the Eleventh Circuit's *en banc* decision; and, therefore did not appeal to the Supreme Court. The remainder of Plaintiff's objection as to this issue reiterates his assertion that the Parole Board acts contrary to Georgia regulations, said regulations give rise to a liberty interest, the Georgia 1983 Constitution merely grants the Parole Board the power to grant, not deny, parole, and Plaintiff has a legitimate claim of entitlement to a property interest. Each of Plaintiff's stated reasons is unavailing since, this Court is bound by precedents of the Eleventh Circuit Court of Appeals, the *en banc* <u>Sultenfuss</u> decision remains the law of the Eleventh Circuit, and the Georgia parole regulations are constitutional. *See* <u>Garner v. Jones</u>, 529 U.S. 244 (2000). Further, Plaintiff's contention that the Parole Board is not vested with the discretion to deny parole is specious. *See* O.C.G.A. § 42-9-40.

Plaintiff objects to Judge Hicks's recommendation of dismissal of his access to the courts claim. Plaintiff asserts that he needs additional library time, resources, and help from knowledgeable people to adequately pursue his pending legal actions. Plaintiff also states in his

3

objection that he has not received legal mail from March 16, 2009. While Plaintiff appropriately points out that he did name Jackson (in his Recast Complaint) as the individual to whom he left his mail with after placing the proper amount of postage, this identification is inapposite since he demonstrates no injury from the 13 day delay in the mailing of his habeas corpus petition, as Judge Hicks found. Further, Plaintiff's Recast Complaint (Doc. 10) makes no mention of any failure to receive legal mail from March 16, 2009. Nevertheless, Plaintiff contends that his access to the courts claim is actionable since he faces difficulty with pursuing his legal action(s) and does not have "enough time, resources or help from knowlegable[sic] people to assist him" and is "not skilled enough to show actual injury." (Doc. 15 at 11). As Plaintiff's objection notes, claims of "some abstract deficiency" are not actionable in a denial of legal access claim. Plaintiff's bald assertion that he has suffered injury and difficulty in pursuing his legal actions is simply not enough o support a denial of access to the courts claim; in that, no injury is alleged such as failure to timely file an action due to prison official's interference. Further, the Court notes that Plaintiff is able to clearly articulate legal standards and by his own statements is maintaining several legal actions at once, apparently none of which have been thwarted by a lack of access to the courts. The Court finds that Plaintiff's actual goal is as stated in his objection: additional "time, resources or help from knowlegable[sic] people." As Judge Hicks found, Plaintiff has not alleged actual injury sufficient to establish a lack of access to the courts. (Lack of access is readily distinguishable from more time, resources, or help from knowledgeable people).

Additionally, Plaintiff objects as to the dismissal of his claim regarding his trust fund account. Plaintiff asserts that Defendant D.W. Scarborough abused her discretion in determining not to deduct money from Plaintiff's trust fund account for reimbursement to Plaintiff's mother

4

for payment of legal expenses. Plaintiff also makes an assertion (not presented in his Recast Complaint, Doc. 10) that Defendant Scarborough also denied Plaintiff's request to send birthday money to his children. Said claim was not presented to Judge Hicks and Plaintiff asserts no basis for raising it at this juncture. Notwithstanding Plaintiff's view that Scarborough abused her discretion, as Judge Hicks found, Plaintiff makes no allegation that Scarborough violated standard operating procedure; and, in light of the deference accorded administrative decisions by prison officials, Scarborough's exercise of discretion does not amount to a constitutional violation.

Lastly, Plaintiff objects to the dismissal of Dr. Ayers as a defendant, though he states that he erred in not including letters written to Dr. Ayers which requested medical care. Thus, Plaintiff states that he will amend his complaint and requests leave of Court to amend his complaint. As Plaintiff's request should be directed to Judge Hicks, the Court declines herein to grant Plaintiff leave to amend his complaint. Further, Plaintiff's objection is without merit. Accordingly, each of Plaintiff's objections (Doc. 15) is **OVERRULED**.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 11) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein. Accordingly, Plaintiff's denial of medical care in 2006 claim; claims of overcrowding against the Georgia Department of Corrections; denial of parole claim; lack of access to the court claim; and prisoner trust fund

accounts claims are each hereby **DISMISSED**.    Accordingly, Defendants Georgia Department

of Corrections, Thompson, Morales, D. W. Scarborough, and Dr. Ayers are **DISMISSED**.


        **SO ORDERED**, this   26th  day of May, 2010.

                          /s/ W. Louis Sands

                          **THE HONORABLE W. LOUIS SANDS,**
                          **UNITED STATES DISTRICT COURT**