IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DONALD W. TOENNIGES,

    Plaintiff,

VS.

WARDEN AMMONS, et al.,

    Defendants.

NO. 1:09-CV-165 (WLS)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are numerous motions filed by the plaintiff.

*Plaintiff's Motion for Preliminary Injunction (Doc. 19)*

Plaintiff requests a preliminary injunction directed toward officials at his current place of confinement, requesting that the officials at Johnson State Prison be required to allow him visitation with certain members of his family, including his children and grandchild. However, the allegations that are the subject of this lawsuit all arose at his previous places of confinement, Calhoun State Prison and Autry State Prison, and as best as the undersigned can tell from the record before the court, no defendant named in this lawsuit is an official at Johnson State Prison.

Rule 65(d)(1) and (2), which governs motions for a temporary restraining order and motions for a preliminary injunction, provides *inter alia:* Every order granting an injunction and every restraining order ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Fed. R. Civ. P. 65(d)(2). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is

not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim.

Therefore, it is the RECOMMENDATION of the undersigned that plaintiff's motion for a preliminary injunction be **DENIED**.

*Plaintiff's Motion to Amend the Complaint (Doc. 20)*

Plaintiff has submitted a 48 page, type written amended complaint for consideration, in which he clarifies previous claims, seeks to add back in defendants who were previously dismissed, and add additional defendants, to encompass some 31 individuals and entities.

This lawsuit was allowed to proceed against the following nine defendants: Ms. Edwards (Calhoun State Prison), N.P.R. Brown (Calhoun State Prison), Dr. Smith (Autry State Prison), Keith Jones (Calhoun State Prison), Sgt. Johnson (Autry State Prison), Lt. Tarver (Calhoun State Prison), Deputy Warden Allen (Autry State Prison), Warden Ammons (Autry State Prison), and Warden Tatum (Calhoun State Prison). (Doc. 11).

Seven of the nine current defendants have filed a pre-answer motion to dismiss based in part upon failure to exhaust administrative remedies. In light of that filing, the undersigned deems it advisable to consider the merits of plaintiff's motion to amend his complaint only subsequent to determining the merits of the pending motion to dismiss. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion to amend his complaint be **DENIED** without prejudice, and that he may renew his motion if the pending motion to dismiss is ultimately determined in his favor.

*Plaintiff's Motion for Class Action Status (Doc. 22)*

In this motion, plaintiff requests that this case be certified as a class action, asserting that

"[p]laintiff's complaint is shared by a large number of similarly situated inmates with serious untreated medical needs, unavailable legal assistance, overcrowding, visitation denials, and diminished food services."

Plaintiffs seeking class certification must make an initial showing of two implicit requirements: 1) the class is identifiable, and 2) the class representative has standing to bring the claim. Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1346 (11th Cir. 2001). Then, the requirements of Rule 23 of the Federal Rules of Civil Procedure must be met, which requires a showing that the class is so numerous that joinder is impracticable, common questions of law or fact predominate, typicality in the claims or defenses, and fair and adequate representation. Fed. R. Civ. P. 23(a).

Plaintiff, in his one-page motion, has failed to make a showing of any of the requirements as stated above. Consequently, it is the RECOMMENDATION of the undersigned that plaintiff's motion for class action certification be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 14th day of June, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE