IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DONALD W. TOENNIGES,

                Plaintiff,

VS.

WARDEN AMMONS, et al.,

                Defendants.

NO. 1:09-CV-165 (WLS)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action are numerous motions filed by the Plaintiff.

*Plaintiff's Motion for Joinder (Doc. 59)*

Plaintiff contends that the same issues he experienced at Autry State Prison and Calhoun State Prison, which are the subject of this lawsuit, are continuing at his current place of incarceration, Johnson State Prison. Plaintiff wishes to join several Defendants in this lawsuit from Johnson State Prison.

Plaintiff asserts that Rule 20 of the Federal Rules of Civil Procedure allows him to join these Defendants. However, while Plaintiff may be correct that he makes the same nature of allegations, i.e., deliberate indifference to serious medical needs, due process violations regarding visitation, due process violations regarding the grievance procedure, etc..., the alleged violations took place at a different location, by different Defendants, at different times, involving different sets of facts. The undersigned finds that joinder would be improper, cause unnecessary delay and expense to the current Defendants, and would unnecessarily complicate the current case at bar. Moreover, the undersigned declines to allow this Plaintiff to turn this action into one where the Plaintiff is allowed

to add claims and Defendants any time he believes his rights have been violated when joinder would be improper. If Plaintiff wishes, he may file a new complaint about alleged constitutional violations at Johnson State Prison. Plaintiff's motion is accordingly **DENIED**.

*Plaintiff's Motion for Joinder and Preliminary Injunction (Doc. 69)*

Plaintiff files this motion, stating the officials at Wilcox State Prison, where he is presently confined, will not allow him to make copies of his legal work, thereby precluding him from adequately litigating this action. He also apparently seeks to add them as Defendants to this lawsuit.

Plaintiff appears to be attempting to make this lawsuit into one in which any prison official at any facility who does anything to him that allegedly violates his rights is joined. As explained above, other than the fact that these new individuals are prison officials, there is no other basis for joinder. Moreover, the prejudice to the parties already in this lawsuit, and the inconvenience to the court and current Defendants overcome any argument made by Plaintiff that joinder is proper. Therefore, it is RECOMMENDED that joinder be **DENIED**.

In order to obtain injunctive relief, a plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

The preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion ' as to the four prerequisites; [furthermore],

'[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir.1974)).

Plaintiff has failed to meet his burden as to the four requirements. Moreover, again, none of the persons Plaintiff seeks to enjoin is a party to this lawsuit. It is therefore the RECOMMENDATION of the undersigned that this motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 16th day of December, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE