IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DONALD W. TOENNIGES, :
:
    Plaintiff, :
:
VS. : **1:09-CV-165 (WLS)**
:
WARDEN AMMONS, et al., :
:
    Defendants. :

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on November 4, 2009 (Doc. 1). Presently pending in this action are Defendants Ammons, Allen, Jones, Johnson, Tatum, Edwards, and Tarver's[1] Motion to Dismiss, Defendant Smith's Motion to Dismiss, and Plaintiff's Renewed Motion to Perfect Process of Service (Docs. 35, 64, 89).

**Factual Background**

In his Complaint, Plaintiff makes several different allegations regarding the violation of his rights while being housed at both Autry State Prison ("ASP") and Calhoun State Prison ("CSP"). Plaintiff asserts that Defendants Brown, Smith, and Jones ignored him and/or denied treatment regarding many medical problems, including the lack of use of his right shoulder and the need for new orthopedic shoes (Doc. 10). Plaintiff contends that Defendants Jones and Edwards denied

---

[1] Plaintiff initially named Defendant Lt. Talbert as the Defendant who allegedly retaliated against Plaintiff during Plaintiff's evening meal at CSP; however, defense counsel brings a Motion to Dismiss on behalf of Lt. Jessie Tarver for the alleged retaliation. After receiving Defendants' Motion to Dismiss and supporting documents, Plaintiff references Defendant Tarver in place of Defendant Talbert (Doc. 51). As both parties appear to be referring to the same Defendant, the Court will assume the correct Defendant is Defendant Lt. Jessie Tarver.

Plaintiff visitation with his children. Plaintiff also brings claims of retaliation against Defendant Johnson for having "gangsters" run the Plaintiff out of the dorm at 3:30 a.m., against Defendants Allen and Ammons for denying Plaintiff's grievance related to Defendant Johnson, against Defendant Tarver for slamming his fist and cursing at Plaintiff, and against Defendant Tatum for transferring Plaintiff to Coffee County Correctional Facility (*Id*).

*Motions to Dismiss (Docs. 35, 64)*

Defendants Ammons, Allen, Jones, Johnson, Tatum, Edwards, and Tarver filed a Motion to Dismiss stating, among other things, that the action should be dismissed due to Plaintiff's failure to exhaust all administrative remedies and his failure to state claims for which relief can be granted (Doc. 35). Defendant Smith, represented by the same counsel as the above stated Defendants, filed a Motion to Dismiss stating the same arguments for the dismissal of the action (Doc. 64)[2]. As the arguments in the Motions to Dismiss are identical, the Motions will be addressed simultaneously.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

---

[2]Defendant Smith was served later in this action, which is why his Motion to Dismiss was filed separately.

**1. Exhaustion of Administrative Remedies**

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motions and Plaintiff's responses reveals

a conflict. In Plaintiff's responses, he maintains that he exhausted all administrative remedies either through the appeals process or due to "procedural default" by the Defendants (Docs. 51, 74). The Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims underlying this lawsuit (Docs. 35-1; 64-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Defendants contend, and support with the Affidavits from the Grievance Coordinators at ASP and CSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Complaint (Docs. 35-1; 35-2, Ross Affidavit; 35-4, Spann Affidavit). The affidavit testimony establishes the presence of a grievance system at ASP and CSP, and that Plaintiff filed two (2) grievances in 2008 while housed at ASP and four (4) grievances while housed at CSP (*Id.*). Defendants provided the Court with copies of the grievances filed by Plaintiff.

Complete administrative exhaustion is a precondition to filing a lawsuit, and exhaustion must comply with the deadlines and procedures in place. *Woodford*, 548 U.S. at 88. In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process. *Id.* at 92. To remedy a concern, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI.

*A. Autry State Prison Claims*

While housed at ASP, Plaintiff filed an informal grievance (number 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) requesting that his medical profile be updated, his medications be refilled, and that he be provided with information about his shoes. This grievance was not resolved and Plaintiff filed a formal

grievance and appealed the issue to the Commissioner's office (Doc. 35-2, Ross Affidavit). Plaintiff filed a second informal grievance (number 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) complaining of being forced from his dorm at 3:00 a.m. by 20 to 30 inmates at the direction of Defendant Johnson. After no resolution to the informal grievance, Plaintiff filed a formal grievance and appealed to the Commissioner's office (*Id.*).

*(1) Retaliatory Conduct*

Plaintiff alleges that, in an act of retaliation, Defendant Johnson had "gangsters" run Plaintiff from his dorm at 3:30 a.m. (Doc. 10). Plaintiff filed a grievance alleging that Defendant Johnson ran Plaintiff from his dorm in the middle of the night, and the grievance was properly exhausted (Docs. 35-2, Ross Affidavit; 35-3). However, Plaintiff did not grieve Defendant Johnson's actions as an act of retaliation.

Retaliation occurs when a prison official disciplines a prisoner for filing complaints, grievances, or lawsuits, or otherwise exercising his First Amendment right. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). When Plaintiff files a grievance he is required to include all the relevant information available. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). As such, the grievance must, at a minimum, allege that Defendant Johnson retaliated against Plaintiff for exercising his right of free speech. *See Martinez v. Minnis*, 257 Fed. Appx. 261, 265 n. 5 (11th Cir. 2007) (finding that the plaintiff failed to exhaust his retaliation claim when the grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide ... notice of allegedly retaliatory action"); *Ismail Khalid v. Herczeg*, 2006 WL 1735874 (M.D. Ga. June 21, 2006). Plaintiff's grievance, while fully exhausted, did not allege that Defendant Johnson retaliated against Plaintiff due to Plaintiff having filed grievances. Plaintiff did not grieve about any retaliatory conduct; thus, he failed to exhaust his

5

administrative remedies regarding his retaliation claim against Defendant Johnson.

Plaintiff also alleges that Defendants Ammons and Allen retaliated against him. It is unclear how these two Defendants retaliated against Plaintiff because Plaintiff simply asserts that Defendants Ammons and Allen denied Plaintiff's grievance concerning the conduct of Defendant Johnson (Doc. 10). Plaintiff did not file any grievances related to Defendants Ammons and Allen, nor did Plaintiff grieve any complaints of retaliation by ASP officials (Doc. 35-2, Ross Affidavit). As such, Plaintiff failed to exhaust his administrative remedies regarding Defendants Ammons and Allen.

*(2) Denial of Visitation*

Plaintiff alleges that Defendant Jones denied Plaintiff visitation with his children (Doc. 10). While housed at ASP, Plaintiff did not file any grievance complaining of the fact that he was denied visitation with his children (Doc. 35-2, Ross Affidavit). Plaintiff claims that, in 2006, a counselor told him visitation was a non-grievable issue (Doc. 51). In order to demonstrate that administrative remedies are unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (an inmate who received a memorandum stating that no right to appeal was available was not required to file an appeal). Plaintiff has failed to provide the Court with any evidence establishing the specific acts of the counselor which prohibited Plaintiff from grieving that his visitation rights were denied.

Further, Plaintiff declares in an affidavit that he filed a grievance on June 16, 2010 relating to his denied visitation (Doc. 50). Administrative remedies must be exhausted at the time the legal action is brought. *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007). This grievance was filed more than seven months after Plaintiff filed this lawsuit, and is untimely.

Thus, Plaintiff failed to exhaust the claim against Defendant Jones concerning the denial of Plaintiff's visitation rights.

*(3) Deliberate Indifference*

The Complaint also alleges that Defendant Jones, with full knowledge that Plaintiff's orthopedic shoes needed to be replaced, "did nothing" (Doc. 10). In grievance number 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, Plaintiff complained about his medical profile, his medications, and his shoes (Doc. 35-3, Attachment C). Plaintiff completed the grievance process, from informal to appeal, requesting information about his shoes.

While Defendant Jones was not specifically named in the grievance, Plaintiff alerted the prison officials to the problem, which provided the officials the opportunity to fix it. "A prisoner need not name any particular defendant in a grievance in order to properly exhaust his claim." *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010). Exhaustion requires the prisoner to complete the administrative process so that the prison officials have the time and opportunity to address the complaints. *Woodford*, 548 U.S. at 92. Plaintiff completely exhausted the administrative process concerning his shoes; thus, the claim that Defendant Jones failed to act even though he had knowledge about Plaintiff's need for new orthopedic shoes is exhausted.

*(4) Medical Negligence –Defendant Smith*

In support of his Motion to Dismiss, Defendant Smith submitted to the Court the same ASP affidavit and ASP grievances that were submitted by Defendants Ammons, Allen, Jones, Johnson, Tatum, Edwards, and Tarver (Docs. 64-1; 64-2, Ross Affidavit).

Plaintiff asserts that on February 17, 2008, Defendant Smith committed medical negligence when he failed to provide Plaintiff with treatment for his serious medical needs (Doc. 10). The

only grievance filed by the Plaintiff that addressed medical needs discussed Plaintiff's medical profile, medications, and shoes. There is no grievance complaining of negligence in medical treatment before the Court (Doc. 64-2, Ross Affidavit). Plaintiff alleges in his response to Defendant Smith's Motion to Dismiss that, on February 14, 2007, he exhausted a grievance that concerned a previous doctor's denial of medical treatment to Plaintiff (Doc. 74). In Plaintiff's original Complaint, his attachments contain a grievance complaining of pain in his shoulder, feet, neck, hip, and back (Doc. 1-1). This grievance does not relate to the medical negligence claim against Defendant Smith. As Plaintiff did not file a grievance pertaining to negligence in the provision of medical treatment, Plaintiff failed to exhaust his administrative remedies regarding his claim against Defendant Smith.

*B. Calhoun State Prison Claims*

At CSP, Plaintiff filed informal grievances complaining about his orthopedic shoes (number 8580), his mail not being sent properly (number 16414), a grievance coordinator failing to follow emergency grievance protocol (number 16537), and allegations that Defendant Tarver slammed his fist and cursed at Plaintiff (number 27644). Plaintiff filed a formal grievance and an appeal to the Commissioner's office for his grievance concerning his mail and his grievance concerning the grievance coordinator's conduct (Doc. 35-4, Spann Affidavit).

*(1) Retaliatory Conduct*

Plaintiff alleges that Defendant Tatum transferred Plaintiff to Coffee County Correctional Facility in retaliation for the complaints and letters written by Plaintiff (Doc. 10). In his response, Plaintiff admits that he did not exhaust his administrative remedies regarding Defendant Tatum, but claims he filed an out-of-time grievance regarding this matter (Doc. 51). Plaintiff also filed affidavits declaring that he filed an "out-of time" grievance regarding the transfer (Docs. 53, 62).

The grievance to which Plaintiff refers is dated June 28, 2010, over seven months after he filed this lawsuit. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert*, 510 F.3d at 1324. Thus, the grievance Plaintiff alleges to have filed after the lawsuit was initiated is untimely. Since Plaintiff did not file a grievance prior to the initiation of this lawsuit alleging that he was subjected to a retaliatory transfer, he failed to exhaust his administrative remedies regarding his claim against Defendant Tatum.

In his Complaint, Plaintiff alleges that Defendant Tarver retaliated against Plaintiff when Plaintiff checked his watch at the evening meal after being told to get up. Defendant Tarver allegedly slammed his fist on the table and cursed at Plaintiff. Plaintiff filed an informal grievance (number 27644) complaining about the incident; however, when the informal grievance was not resolved, Plaintiff refused to sign it and did not appeal (Doc. 35-4, Spann Affidavit). Plaintiff was administratively required to complete a formal grievance and an appeal to the Commissioner's office. Georgia Dep't of Corrections SOP IIB05-001 § VI. As Plaintiff did not complete the three step grievance process required by Georgia Department of Corrections, he failed to exhaust his administrative remedies in regard to his claim against Defendant Tarver.

*(2) Denial of Visitation*

Plaintiff claims that Defendant Edwards denied him visitation with his children, even after Plaintiff provided her with documentation of court ordered visitations (Doc. 10). While housed at CSP, Plaintiff did not file any grievance complaining of the fact that he was denied his visitation rights. Plaintiff asserts that he did not need to grieve the issue because he had a court order allowing visitation with his children (Doc. 51). Complete administrative exhaustion is a precondition to filing a lawsuit under the PLRA. *Woodford*, 548 U.S. at 88. Plaintiff must completely exhaust an administrative grievance regarding the denial of visitation before he can

9

file this claim.

Plaintiff also asserts that his appeal complaining about the grievance counselor's failure to follow proper procedures included a grievance about visitation and is, therefore, sufficient to constitute exhaustion (Doc. 51). In his appeal, Plaintiff wrote one sentence stating Ida Tilson had been taken off his visitation list and he wanted her reinstated (Doc. 35-5, Attachment H). Plaintiff added one sentence about visitation in a grievance about a wholly unrelated matter, and only mentioned the visitation in the third and final step of the grievance process. To exhaust a claim, Plaintiff must follow each step of the three step administrative grievance process available at CSP. *See Woodford*, 548 U.S. at 92.

Finally, Plaintiff submitted an affidavit to the Court declaring that he filed a grievance concerning his problems with visitation on June 16, 2010 (Doc. 50). Plaintiff filed this grievance more than seven months after he filed this lawsuit. Administrative remedies must be exhausted at the time the legal action is brought. *Goebert*, 510 F.3d at 1324. Plaintiff did not file a timely grievance pertaining to his visitation with his children and, as a result, failed to exhaust his administrative remedies regarding his claim against Defendant Edwards.

The Court finds that the Plaintiff has not exhausted several claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of the Defendants. The Plaintiff did not exhaust the claims against Defendants Ammons, Allen, Johnson, Tatum, Edwards, Tarver, and Smith; thus, the Court will not examine the additional arguments presented by these Defendants. As to Defendant Jones, Plaintiff failed to exhaust the administrative remedies of his claim regarding the denial of visitation, but Plaintiff did exhaust his claim against Defendant Jones regarding the deliberate indifference claim. The Court, therefore, will examine additional arguments for dismissal presented by Defendant Jones

regarding the allegations of deliberate indifference to a serious medical need.

**2. Failure to State a Claim**

A Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (*internal citations omitted*).

The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Defendants argue that the allegation against Defendant Jones concerning the orthopedic shoes fails to state a claim for relief of deliberate indifference to a serious medical need (Doc. 35-1). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v.*

11

*Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, the Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

In Plaintiff's Complaint, he alleges "[o]n March 8, 2008, [plaintiff] wrote medical concerning his special made shoes coming apart. Warden Jones, with full knowledge of the problem did nothing" (Doc. 10). This factual allegation, without more, does not state a plausible claim for relief. Plaintiff does not allege any harm due to the lack of new shoes and, in this case, the failure to receive new orthopedic shoes does not by itself state a claim for deliberate indifference to serious medical harm. *See Palermo v. Correctional Medical Services, Inc.*, 133 F.Supp.2d 1348, 1363 (S.D. Fla. 2001) (finding denial of orthopedic shoes was not a serious medical need under the *Hill* test when the inmate's orthopedic shoes were not replaced after one year and the inmate failed to produce evidence showing he needed the shoes). Thus, Plaintiff's allegation against Defendant Jones does not satisfy the objective element of the deliberate indifference standard, and as a result, the Complaint fails to state a claim upon which relief can be

granted.

**3. Conclusion**

The Court finds that the Plaintiff has not exhausted the claims against Defendants Ammons, Allen, Johnson, Tatum, Edwards, Tarver, and Smith. Further, Plaintiff did not exhaust the claim alleging that Defendant Jones denied Plaintiff visitation, and Plaintiff has failed to state a claim for which relief can be granted as to the claim of deliberate indifference against Defendant Jones. Accordingly, it is the recommendation of the undersigned that Defendants Ammons, Allen, Jones, Johnson, Tatum, Edwards, and Tarver's Motion to Dismiss be **GRANTED.** It is also the recommendation of the undersigned that Defendant Smith's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

*Motion to Perfect Process (Doc. 89)*

Plaintiff filed a Renewed Motion to Perfect Process of Service on Defendant Patricia Brown. Plaintiff, who is proceeding *pro se* but is not under *in forma pauperis* status, was ordered to serve the Complaint on the Defendants in accordance with Federal Rule of Civil Procedure 4(d)*.* Plaintiff sent the Complaint by certified mail to all nine Defendants, and then moved for personal service. The Court ordered personal service by the U.S. Marshals on Defendants Brown and Smith, the two Defendants who did not initially file a responsive pleading (Doc. 40). Process was returned unexecuted as to Defendant Brown, with the notation that Defendant Brown was not employed at Calhoun State Prison, the location provided by Plaintiff (Doc. 75). Plaintiff has filed this Motion to Perfect Process requesting that the Court order personal service by the U.S.

Marshals on Defendant Brown with the new address Plaintiff alleges that he can provide (Doc. 89).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Notice is hereby provided to the Plaintiff that this action is subject to dismissal in regard to Defendant Brown.

Plaintiff appears to have been diligent in his attempts to locate Defendant Brown. Therefore, Plaintiff's Renewed Motion to Perfect Process of Service is hereby **GRANTED**. Plaintiff is DIRECTED to provide the Clerk of Court with a current address for Defendant Patricia Brown **WITHIN TWENTY-ONE (21) DAYS** of the date of this Order. The Clerk of Court is DIRECTED to provide personal service as provided by the Federal Rules of Civil Procedure on Defendant Brown, only AFTER Plaintiff has complied with this Order to provide the current address of Defendant Brown. If Plaintiff fails to respond to this directive, a Recommendation will be made that Plaintiff's Complaint as to Defendant Brown be dismissed.

**SO ORDERED and RECOMMENDED**, this 22nd day of February, 2011.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf