IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DONALD W. TOENNIGES, :
:
    Plaintiff, :
:
v. : CASE NO.: 1:09-CV-165 (WLS)
:
WARDEN AMMONS, *et al.*, :
:
    Defendants. :
_____ :

**ORDER**

    Before the Court are two Reports and Recommendations ("R&R"s) from United States Magistrate Judge Thomas Q. Langstaff.

    The first R&R, filed December 16, 2010, recommends that Plaintiff's Motion for Joinder and Preliminary Injunction (Doc. 69) be denied. (Doc. 82). Rather than filing an Objection to Judge Langstaff's R&R of December 16, 2010, Plaintiff filed a Notice of Appeal on January 3, 2011. (Doc. 84). On March 3, 2011, the United States Court of Appeals for the Eleventh Circuit filed an opinion *sua sponte* dismissing Plaintiff's appeal for lack of jurisdiction, noting that this Court had not yet ruled on the R&R. (Doc. 92). Plaintiff filed a timely Objection on March 10, 2011 (Doc. 95), in which he objects not only to Judge Langstaff's R&R of December 16, 2010 (Doc. 82), but also to Judge Langstaff's Order of the same date (Doc. 81).

    The second R&R, filed February 22, 2011, recommends that Defendants' Pre-Answer Motion to Dismiss (Doc. 35), filed by Defendants Ammons, Allen, Jones, Johnson, Tatum, Edwards and Tarver, be granted, and that Defendant's Pre-Answer Motion to Dismiss (Doc. 64), filed by Defendant Smith, be granted. (Doc. 91). Plaintiff timely filed an Objection. (Doc. 94).

1

For the following reasons, the objections set forth in Plaintiff's Objections (Docs. 94, 95) are **OVERRULED**, and United States Magistrate Judge Langstaff's December 16, 2010 Order (Doc. 81), December 16, 2010 Report and Recommendation (Doc. 82) and February 22, 2011 Report and Recommendation (Doc. 91) are **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Motion for Joinder and Preliminary Injunction (Doc. 69) is **DENIED**, Defendants' Pre-Answer Motion to Dismiss (Doc. 35) is **GRANTED**, and Defendant's Pre-Answer Motion to Dismiss (Doc. 64) is **GRANTED**.

## I.     PLAINTIFF'S OBJECTIONS TO DECEMBER 16, 2010 ORDER

Plaintiff objects to the rulings made in Judge Langstaff's December 16, 2010 Order (Doc. 81) regarding Plaintiff's Motion for Reconsideration (Doc. 49) and Plaintiff's Motion for Storage (Doc. 57). (Doc. 95 at 1-3). The Court has carefully reviewed and considered Plaintiff's Objections, and finds that they do not show that Judge Langstaff's Order (Doc. 81) is clearly erroneous or contrary to law. Therefore, Plaintiff's Objections to Judge Langstaff's December 16, 2010 Order (Doc. 95 at 1-3) are **OVERRULED**.

## II.    PLAINTIFF'S OBJECTIONS TO DECEMBER 16, 2010 RECOMMENDATION

Plaintiff Objects (Doc. 95 at 3-4) to Judge Langstaff's December 16, 2010 Recommendation (Doc. 82), which addresses two motions filed by Plaintiff.

The first motion addressed is Plaintiff's Motion for Joinder (Doc. 59), which Judge Langstaff denied. (Doc. 82 at 1-2). This order on a pretrial motion did not require a recommendation to this Court. The Court has carefully reviewed and considered Plaintiff's Objection, and finds that it does not show that Judge Langstaff's Order (Doc. 82 at 1-2) is clearly

2

erroneous or contrary to law. Therefore, Plaintiff's Objection (Doc. 95 at 3) to Judge Langstaff's December 16, 2010 denial of Plaintiff's Motion for Joinder (Doc. 59) is **OVERRULED**.

The second motion addressed is Plaintiff's Motion for Joinder and Preliminary Injunction (Doc. 69), which Judge Langstaff recommended should be denied. (Doc. 82 at 2-3). Plaintiff's Objection (Doc. 95 at 3-4) challenges only that portion of Judge Langstaff's R&R recommending denial of the requested preliminary injunction. Because Plaintiff's Objection (Doc. 95 at 3-4) does not address Judge Langstaff's recommendation to deny Plaintiff's Motion for Joinder (Doc. 69), any objection thereto has been **WAIVED** by Plaintiff. Regarding the recommended denial of Plaintiff's Motion for Preliminary Injunction, Plaintiff's Objection argues that he "established irreparable harm and as much as possible, satisfied the other prerequisites." (Doc. 95 at 3). Other than this conclusory assertion, Plaintiff does not show this Court how said prerequisites were satisfied. (*See generally* Doc. 95). This Court finds that Plaintiff's Objection (Doc. 95 at 3-4) fails to rebut the legally sound recommendation of Judge Langstaff, and accordingly Plaintiff's Objection is **OVERRULED**.

### III.  PLAINTIFF'S OBJECTIONS TO FEBRUARY 22, 2011 RECOMMENDATION

Judge Langstaff's February 22, 2011 R&R recommends that the claims against Defendants Ammons, Allen, Johnson, Tatum, Edwards, Tarver and Smith, and the claim against Defendant Jones regarding the denial of visitation, be dismissed due to Plaintiff's failure to exhaust his administrative remedies. (Doc. 91 at 10; *see id.* at 3-11). Plaintiff's Objection challenges this recommendation as to Defendants Tarver (Doc. 94 at 1-2), Ammons, Allen and Johnson (*id.* at 2), Jones (*id.* at 3), Smith (*id.* at 3-5), and Tatum (*id.* at 6).

As to Defendant Tarver, the Court finds that Plaintiff's Objection (Doc. 94 at 1-2) fails to rebut the legally sound recommendation of Judge Langstaff (Doc. 91 at 9). Plaintiff asserts that

he was excused from the requirement of exhaustion of administrative remedies because of a "procedural default" committed by the prison administration at the informal grievance stage, in that the administration returned the written grievance beyond the date allotted by the Georgia Department of Corrections Standard Operating Procedures. (Doc. 94 at 1-2). Plaintiff asserts that he was therefore "not required to sign the informal grievance" because doing so "would have ratified the Administration's default." (*Id.* at 1). The Court's review of the Standard Operating Procedures (submitted by Defendants at Doc. 35-2 at 14-20 and continuing to Doc. 35-3 at 1-5) shows that:

> Where the Warden / Superintendent's response time is exceeded, the inmate may appeal his grievance to the Commissioner's Office, unless a one time ten day extension has been authorized and the inmate is notified of such extension by the Grievance Coordinator.

(Doc. 35-2 at 17). The Court finds that Plaintiff failed to follow said procedure, and therefore failed to exhaust his administrative remedies prior to filing suit in Federal Court. Plaintiff was not excused from the exhaustion requirement, because administrative remedies were made readily available to him as provided in the Standard Operating Procedures. Accordingly, Plaintiff's Objection regarding Defendant Tarver (Doc. 94 at 1-2) is **OVERRULED**.

Plaintiff's Objections regarding Defendants Ammons, Allen, and Johnson all assert that Plaintiff stated a cognizable claim against them. (Doc. 94 at 2). These Objections completely ignore and fail to challenge Judge Langstaff's recommendation that Plaintiff failed to exhaust his administrative remedies against said Defendants. (Doc. 91 at 5-6). Accordingly, the Court finds that Plaintiff's Objection (Doc. 94 at 2) fails to rebut the legally sound recommendation of Judge Langstaff, and Plaintiff's Objections regarding Defendants Ammons, Allen, and Johnson (Doc. 94 at 2) are **OVERRULED**.

Judge Langstaff recommends that Plaintiff failed to exhaust his administrative remedies against Defendant Jones regarding an alleged denial of visitation rights, and that Plaintiff's attempt to file an out-of-time grievance occurred after Plaintiff's filing of the instant Federal action and is therefore untimely. (Doc. 91 at 6-7). Plaintiff's Objection states that he "has been unable to locate any rule in the PLRA or the Grievance S.O.P. requiring a grievance be filed to enforce a court order," and therefore asserts that he was excused from the exhaustion requirement. (Doc. 94 at 3). The Court directs Plaintiff to section IV.5 of the Standard Operating Procedure, which states:

> Grievable Issues: Any condition, policy, procedure, action or lack thereof that affects inmates and is in the control of the Department of Corrections, other than those listed above, may be grieved.

(Doc. 35-2 at 16). As the denial of visitation was in the Department of Corrections' control, it was grievable. Because Plaintiff failed to undertake the prerequisite grievance process, and lacks a valid excuse for the failure, the Court finds that Plaintiff's Objection (Doc. 94 at 3) fails to rebut the legally sound recommendation of Judge Langstaff (Doc. 91 at 6-7). Accordingly, Plaintiff's Objection regarding Defendant Jones (Doc. 94 at 3) is **OVERRULED**.[1]

As to Defendant Smith, Judge Langstaff recommends that Plaintiff failed to exhaust his administrative remedies regarding his medical negligence claim against the doctor. (Doc. 91 at 7-8). Plaintiff's Objection regarding Defendant Smith asserts that no grievance was required because one had been filed regarding the identical claims prior to Defendant Smith's involvement. (Doc. 94 at 4-5). Judge Langstaff's recommendation addresses this argument (Doc. 91 at 8), and the Court finds that Plaintiff's Objection (Doc. 94 at 4-5) fails to rebut the

---

[1] The Court notes that Judge Langstaff found that Plaintiff had exhausted his administrative remedies regarding his claim involving Defendant Jones and Plaintiff's need for new orthopedic shoes (Doc. 91 at 7), but Judge Langstaff later recommended denial of the claim due to Plaintiff's failure to establish deliberate indifference to a serious medical need (*id.* at 12-13). Plaintiff's Objections are silent regarding this portion of Judge Langstaff's recommendation regarding Defendant Jones. (*See generally* Doc. 94). Accordingly, Plaintiff's objection thereto has been **WAIVED**.

legally sound recommendation of Judge Langstaff (Doc. 91 at 7-8). Accordingly, Plaintiff's Objection regarding Defendant Smith (Doc. 94 at 4-5) is **OVERRULED**.

Finally, Judge Langstaff recommends that Defendant Tatum should be dismissed due to Plaintiff's failure to exhaust administrative remedies regarding an alleged retaliation claim against Defendant Tatum. (Doc. 91 at 8-9). Plaintiff's Objection argues that his case is similar to "Turner," which the Court construes as referring to Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), and thus that the exhaustion requirement was excused for unavailability. (Doc. 94 at 6). Upon review, the Court finds no similarity between Plaintiff's facts and those of the inmate in Turner, and thus that Plaintiff's access to administrative remedies was never made unavailable. Plaintiff's Objection addresses an out-of-time grievance (Doc. 94 at 6), which Judge Langstaff finds was filed after the filing of the instant Federal action (Doc. 91 at 9). The Court finds that Plaintiff's Objection regarding Defendant Tatum (Doc. 94 at 6) fails to rebut the legally sound recommendation of Judge Langstaff (Doc. 91 at 8-9). Accordingly, Plaintiff's Objection regarding Defendant Tatum (Doc. 94 at 6) is **OVERRULED**.

## IV. ADDITIONAL OBJECTIONS

To the extent that Plaintiff's Objections (Docs. 94, 95) raise additional objections to Judge Langstaff's R&Rs (Docs. 82, 91), the Court finds that they are **OVERRULED** for failure to rebut the legally sound recommendation of Judge Langstaff. To the extent that Plaintiff's Objections (Docs. 94, 95) fail to address recommendations made in Judge Langstaff's R&Rs (Docs. 82, 91), the Court finds that any objections not made thereto are **WAIVED**.

## CONCLUSION

For the foregoing reasons, the objections set forth in Plaintiff's Objections (Docs. 94, 95) are **OVERRULED**, and United States Magistrate Judge Langstaff's December 16, 2010 Order

(Doc. 81), December 16, 2010 Report and Recommendation (Doc. 82) and February 22, 2011 Report and Recommendation (Doc. 91) are **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Motion for Joinder and Preliminary Injunction (Doc. 69) is **DENIED**, Defendants' Pre-Answer Motion to Dismiss (Doc. 35) is **GRANTED**, and Defendant's Pre-Answer Motion to Dismiss (Doc. 64) is **GRANTED**.

With Defendants still remaining, the litigation shall continue.

**SO ORDERED**, this  14th  day of March, 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**