# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

DONALD W. TOENNIGES,            :
                                :
    Plaintiff,                  :
                                :
VS.                             :    1 : 09-CV-165 (WLS)
                                :
WARDEN THOMAS AMMONS, *et al.*, :
                                :
    Defendants.                 :
                                :

## ORDER AND RECOMMENDATION

On January 3, 2013, Plaintiff's Motions to Amend were granted. (Doc. 113). Even though Plaintiff's Motions were granted, his Amended Complaint remains subject to review and possible dismissal under 28 U.S.C. § 1915A(b)[1]. In his Amended Complaint (Doc. 20-1), Plaintiff has re-alleged claims against sixteen previously named Defendants, and has named nineteen new Defendants.

A federal court is required to dismiss a prisoner complaint that is: "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim when it does not

---

[1] While Plaintiff has since been released from custody, he was a "prisoner" within the meaning of § 1915A at the time he initiated this civil action and when he filed this Amended Complaint. Thus, the screening provisions of the PLRA apply. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, *314 (3rd Cir. 2001) ("the need for the district court to screen a complaint in a civil action filed by a prisoner, as required by 28 U.S.C. § 1915A, looks to the plaintiff's status when the case is filed."); *Null v. Mangual*, 2012 WL 3764865, *1 (M.D. Fla., Aug. 30, 2012) (performed an initial review pursuant to § 1915A of an amended complaint).

include enough facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*.

*Untimely Claims*

In both his Recast Complaint and his Amended Complaint, Plaintiff alleges that, in 2006, Defendant Dr. Saud denied Plaintiff medical treatment. (Docs. 10; 20, p.10). Plaintiff further contends that Defendant Warden Nelson denied a grievance filed by Plaintiff regarding the denial of treatment. Plaintiff also alleges that, in 2006, Defendant Chief Counselor Nobles denied Plaintiff visitation with his children. (Doc. 20-1, p. 23).

Since 42 U.S.C. § 1983 does not contain a specific statute of limitations, claims are governed by the state personal injury statute of limitations. *Acoff v. Abston*, 762 F.2d 1543, 1546 (1985); *Wilson v. Garcia*, 471 U.S. 261 (1985). In Georgia, the statute of limitations for personal injury actions is two years. Ga. Code. Ann. § 9-3-33. The "statute of limitations begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)). The facts that would support Plaintiff's cause of action against Defendants Saud, Nelson, and Nobles should have been apparent to Plaintiff in 2006. Plaintiff, however, did

not file the instant action until November of 2009, which is well after the two year statute of limitations period ran.

Accordingly, it is the recommendation of the undersigned that the claims against Defendants Dr. Saud, Warden Nelson, and Chief Counselor Nobles, as well as the claims of denial of medical care and denial of visitation in 2006, be **DISMISSED**.

*Claims against Georgia State Agencies*

Plaintiff alleges the Georgia State Board of Pardons and Parole made the overcrowding problem at Calhoun State Prison worse by holding prisoners past their parole dates. (Doc. 20-1, p. 26). Plaintiff further maintains that the Georgia State Board of Pardons and Parole "went off the guidelines" when it denied Plaintiff's parole, and failed to provide Plaintiff with parole-mandated classes. (*Id.* at p. 32).

The State of Georgia and its agencies, including the Board of Pardons and Parole, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1309 (11th Cir. 1988). As Plaintiff cannot bring suit against the Georgia State Board of Pardons and Parole, it is the recommendation of the undersigned that this Defendant be **DISMISSED**.

Plaintiff has also alleged that the Medical College of Georgia "delays, denies or ignores [Plaintiff's] medical needs." (Doc. 20-1, pp. 16, 20). "Georgia law is clear that [the Medical College of Georgia] is not an entity that is capable of either suing or being sued." *Gunn v. Jarriel*, 2007 WL 2317384, *5 (S.D. Ga., Aug. 10, 2007). Thus, Plaintiff's claim against Medical College of Georgia is not viable, and it is the recommendation of the undersigned that Defendant Medical College of Georgia be **DISMISSED**.

*Access to Grievance Procedure*

Plaintiff has alleged that several Defendants did not respond to his letters and grievances. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, 178 Fed. Appx. 876, 878 (11th Cir. 2006). "[A]lleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under §1983." *Blackerby v. McNeal*, 2008 WL 2047814, * 2 (S.D. Ga., May 13, 2008). Furthermore, there is no §1983 liability simply because a jail official did not act based on the content of a grievance. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").

Plaintiff alleges that:

- Defendants Danny Thompson, Jose Morales, Dr. Ayers, Dedra Edwards, Keith Jones, Warden Tatum, Christine Cross, Elaine Hutto, Dr. Henderson, and Counselor Christian did not respond to Plaintiff's letters regarding policy issues. (Docs. 20-1, p. 43; 115-1, p. 3).
- Defendants Thompson, Jones, and Hutto did not respond to Plaintiff's letters regarding his need for new shoes. (Doc. 20-1, pp. 13-15, 18).
- Defendant Thompson did not respond to Plaintiff's letter regarding access to his legal mail. (*Id.* at p. 35).
- Defendant Counselor Brown failed to timely respond to Plaintiff's grievance regarding his need for new shoes. (*Id.* at p. 16).
- Defendant Ayers failed to sign a receipt of a certified letter. (*Id.* at p. 19).
- Defendant Ramika Christian denied Plaintiff's grievance appeal regarding his request for new shoes. (*Id.* at p. 15).
- Defendants Morales, Keith Jones, and Tim Jones did not respond to letters regarding Plaintiff's denial of visitation with his children. (*Id.* at pp. 24-25).
- Defendants Marty Allen and Warden Ammons denied Plaintiff's grievance regarding the retaliation claim against Defendant Sergeant Johnson. (*Id.* at p. 28).
- Defendant Cross did not respond to Plaintiff's letter about a package sent to Defendant Thompson. (*Id.* at p. 15).
- Defendant Cross did not treat Plaintiff's grievance regarding his legal mail as an emergency grievance. (*Id.* at p. 36).

4

- Defendants P. Tillman and Counselor Christian denied Plaintiff's emergency grievance regarding access to his legal mail. (*Id.*).
- Defendant Thomas Sittnick denied Plaintiff's grievance appeal regarding access to his legal mail. (*Id.* at p. 40).
- Defendants Brian Owens, Governor Perdue, and Attorney General Thurbert Baker were CC'ed on a letter regarding prison issues, and Plaintiff is not aware of any investigation completed by these individuals. (*Id.* at p. 30).
- Defendant Counselor Christian did not respond to Plaintiff's letter regarding his difficulties obtaining copies. (*Id.* at p. 42).

"[L]iability under § 1983 must be based on affirmative unconstitutional behavior and cannot be based upon a mere failure to act." *Way v. McNeil*, 2012 WL 1463412, * 4 (N.D. Fla. Mar. 8, 2012)(internal quotations omitted). Furthermore, "it is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, 1995 WL 232736, *4 (S.D.N.Y. April 19, 1995); *see also Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable). Plaintiff alleges only that his grievances were denied, and that these Defendants failed to respond to his letters.

Plaintiff does not have a right to engage in the prison grievance process, and cannot hold Defendants liable for their failure to respond to Plaintiff's letters. Thus, the above stated claims are not actionable against the named Defendants. *See Dunn v. Martin*, 178 Fed. Appx. at 878 (finding the plaintiff did not have a constitutionally protected interest in receiving responses to his letters and grievance). Therefore, it is the undersigned's recommendation that the following Defendants be **DISMISSED**: (1) Danny Thompson, (2) Dr. Ayers, (3) Marty Allen, (4) Warden Ammons, (5) Christine Cross, (6) Elaine Hutto, (7) Ramika Christian, (8) Counselor Brown, (9) Tim Jones, (10) Governor Perdue, (11) Attorney General Thurbert Baker, (12) Thomas Sittnick, and (13)

Counselor Christian. It is also the undersigned's recommendation that the following claims be **DISMISSED**: (1) Defendant Jose Morales did not respond to Plaintiff's letters regarding visitation and policy issues, (2) Defendant Dedra Edwards ignored Plaintiff's letter regarding policy issues, (3) Defendant Keith Jones did not respond to letters regarding Plaintiff's shoes, visitation rights, and policy issues, (4) Defendant Warden Tatum ignored Plaintiff's letter regarding policy issues, (5) Defendant Brian Owens did not investigate prison issues after being CC'ed on a letter from Plaintiff, (6) Defendant P. Tillman denied one of Plaintiff's emergency grievances, and (7) Dr. Henderson ignored Plaintiff's letter regarding policy issues.

*Conditions of Confinement*

Plaintiff alleges that at the direction of Defendants Sam Donaldson, previous Commissioner of Georgia Department of Corrections, and Brian Owens, current Commissioner of Georgia Department of Corrections, the population of the prison increased. (Doc. 20-1, p. 25). Plaintiff maintains that Calhoun State Prison began triple bunking during the summer of 2008, and added a new building "without any meaningful modification[.]" (*Id.*). Plaintiff also alleges that he was denied food for 21 ½ hours during a trip to Atlanta for a medical appointment. (*Id.* at p. 29).

To establish that the conditions of his confinement violated Plaintiff's constitutional rights, Plaintiff must prove both an objective and a subjective component to show that Defendants acted with deliberate indifference to a serious condition. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). A plaintiff must show that a condition of his confinement

> pose[s] an unreasonable risk of serious damage to his future health [or safety]. . . [T]he Eighth Amendment requires more than a scientific and

> statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.

*Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). Under the subjective component, "a prisoner [must] prove that the prison official acted with 'deliberate indifference' in disregarding th[e] risk by showing that the official knew the inmate faced a 'substantial risk of serious harm' and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it." *Darrington v. Campbell*, 2006 WL 1718788, *3 (M.D. Ala. June 19, 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Conditions of confinement violate the Eighth Amendment when the conditions "involve the wanton and unnecessary infliction of pain." *Crosby*, 379 F.3d at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[T]he Constitution does not mandate comfortable prisons, . . . [and prisons] cannot be free of discomfort." *Rhodes*, 452 U.S. at 349. "At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain 'without any penological purpose' or an 'unquestioned and serious deprivation of basic human needs' such as medical care, exercise, food, warmth, clothing, shelter, or safety." *King v. Henry*, 2010 WL 4386539, * 5 (N.D. Fla. Sept. 24, 2010) (quoting *Rhodes*, 452 U.S. at 347).

<u>Overcrowding</u>

Plaintiff has alleged that there has been an increase in the prison population at Calhoun State Prison without "meaningful modification". (*See* Doc. 20-1, p. 25). Plaintiff states that there were no lunches served Friday through Sunday, and that often the food was burned and not edible. (*Id.* at p. 26). He states there were no allowances made for these problems. Plaintiff does not,

7

however, allege that he lost weight, or that he was denied any basic human need as a result. Plaintiff states he had to wear wet clothes, but again does not allege that this harmed him. (*Id.*).

There are no facts alleging that Plaintiff was deprived of medical care, exercise, food, warmth, clothing, shelter, or safety that resulted in a serious deprivation of basic human needs. Further, Plaintiff has not alleged that Defendants Donaldson and Owens had personal knowledge that any deprivation may have been occurring due to an increase in the prison population. Accordingly, Plaintiff has failed to state a claim for which relief can be granted as to his claim of overcrowding. *See Moulds v. Bullard*, 345 Fed. Appx. 387, 393 (11th Cir. 2009) (finding the plaintiff did not state an Eighth Amendment claim with respect to overcrowding when the plaintiff did not allege facts which showed the conditions deprived the plaintiff of his basic human needs); *Fischer v. Ellegood*, 238 Fed. Appx. 428, 433 (11th Cir. 2007) ("only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))). It is the recommendation of the undersigned that Plaintiff's claim of overcrowding be **DISMISSED,** and Defendants Sam Donaldson and Brian Owens be **DISMISSED** from this action.

*Denial of Food*

Plaintiff has also alleged that, on one occasion while he was traveling to and from Atlanta for a medical appointment, Defendant Sgt. Clyde denied Plaintiff food and drink. (Doc. 20-1, p. 29). Plaintiff appears to allege that he missed both breakfast and lunch because he was not given "pack outs". "Withholding of food does not *per se* constitute an objectively serious deprivation in violation of the constitution." *Sylvestre v. Williams*, 2009 WL 62650, *1 (N.D. Fla., Jan. 8, 2008). "In general, the severity and duration of deprivations are inversely proportional, so that minor

8

deprivations suffered for short periods would not rise to an Eighth Amendment violation, while substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite a shorter duration." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (internal quotations omitted).

Herein, Plaintiff alleged that he was not given "food or drink" for 21 ½ hours, stating that he was served dinner at 5:30 p.m. the previous day and did not receive a meal again until 2:30 p.m.[2] the following day. (Doc. 20-1, p. 29). It appears Plaintiff is alleging that he missed breakfast and was served a late lunch. Plaintiff has not alleged that the denial of meals caused him any injury or other serious health problem. The undersigned finds that Plaintiff has not stated a claim for which relief can be granted as to the claim of denial of food. *See Harris v. McKinnley*, 2007 WL 114082, *2 (M.D. Ga., Jan. 10, 2007) (finding a claim that the plaintiff was denied dinner and breakfast the following day, which was an isolated occurrence, did not give rise to a constitutional violation); *Sylvestre*, 2009 WL 62650, *2 (finding that "[u]nder no set of facts can the denial of one meal constitute a significant deprivation", and finding there was no indication the plaintiff suffered any adverse physical effects). Thus, it is the undersigned's recommendation that the claims of denial of food be **DISMISSED,** and that Defendant Clyde be **DISMISSED** from this action.

### *Denial of Parole*

Plaintiff asserts that Defendant Nix "abandoned the grid" and gave Plaintiff a parole date that was thirty-two (32) months "longer than the maximum [required] for his score[.]" (Doc. 20-

---

[2] Plaintiff's Amended Complaint states he did not receive a meal until 2:30 *a.m.* the following day. However, 21 ½ hours after 5:30 p.m. would be 3:00 *p.m.* the following day. Therefore, the Court interprets Plaintiff's Amended Complaint to allege 2:30 *p.m.*, not 2:30 *a.m.*

1, p. 31). Georgia inmates have no liberty interest in parole. *Sultenfuss v. Snow*, 35 F.3d 1494, 1502-03 (11th Cir. 1994); *Greene v. Georgia Pardons and Parole Bd.*, 807 F.Supp. 748, 754 (N.D. Ga. 1992). Moreover, there is no federal constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, even if Plaintiff was given a parole date that departed from the grids, this is not a viable claim under § 1983. Accordingly, it is the recommendation of the undersigned that Defendant Nix, as well as Plaintiff's claims regarding his parole, be **DISMISSED.**

*Access to Courts*

Plaintiff alleges that Defendant Dedra Edwards held Plaintiff's package containing case law, exhibits, and addresses to the ACLU and Department of Justice, and denied Plaintiff's request for additional library time. (Doc. 20-1, pp. 35, 41). Plaintiff also maintains that Defendant Morales instructed Defendant Edwards to hold Plaintiff's package containing legal documents, told Plaintiff that the legal material was contraband, and instructed Plaintiff to use only the law library. (*Id.* at pp. 35, 37). Additionally, Plaintiff states that Defendant C.O. Jackson failed to promptly mail one of Plaintiff's packages relating to his habeas case. (*Id.* at p. 39).

Plaintiff further contends that he did not receive adequate time in the law library, and that the law library was inadequate as it did not have Shepard citations, typewriters, copy services, and had limited O.C.G.A. volumes. (*Id.* at pp. 41-42). According to Plaintiff, there were no trained personnel in the library, and the Calhoun State Prison library had noise and distractions that were "thwarting" Plaintiff's access to the courts. (Doc. 115-1, p. 2). Plaintiff also maintains that Defendant P. Tillman delayed in providing Plaintiff with copies of his legal exhibits. (Docs. 20-1, p. 42; 115-1, p. 2).

10

"It is now clearly established that prisoners have a constitutional right of access to the courts." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "However, the doctrine of standing requires that an inmate alleging a violation of this right must show an actual injury." *Cline v. Tolliver*, 434 Fed. Appx. 823, 824-25 (11th Cir. 2011). "In order to show actual injury, a plaintiff must provide evidence that the prison officials' actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case." *Id.* (citing *Al-Amin v. Smith*, 511 F.3d 1317, 1332-33 (11th Cir. 2008).

Herein, Plaintiff has not alleged that he was unable to pursue a legal claim. Plaintiff states that the denial of access to legal mail and legal materials, the "inadequate law library", and the delay in receiving photocopies "hindered and thwarted" his habeas petition; however, Plaintiff does not allege that he was unable to timely file his habeas petition, or that his petition was dismissed due to his alleged lack of access to the courts. (*See* Docs. 20-1, pp. 38-42; 115-1, pp. 2-3). Plaintiff has not alleged any facts which show he suffered actual injury as a result of the alleged denial of access to the courts. As Plaintiff has not alleged any injury, it is the recommendation of the undersigned that the claims regarding Plaintiff's lack of access to the courts be **DISMISSED**. The undersigned further recommends that Defendants P. Tillman and C.O. Jackson be **DISMISSED** as there are no claims remaining as to these Defendants.

*Medical Negligence*

"A [defendant=s] intentional denial or delay of medical care is evidence of deliberate indifference.@ *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir 1990). However, deliberate indifference entails more than mere negligence, and must be more than a medical judgment call or

11

an inadvertent failure to provide medical care. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980). An inmate who receives adequate medical care, but disagrees with the mode or amount of treatment has also not established deliberate indifference. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Medical negligence, medical malpractice, or disagreements over the method of treatment are not sufficient to state a claim of deliberate indifference. *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006); *see also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("a simple difference in medical opinion" does not constitute deliberate indifference).

Herein, Plaintiff has specifically alleged that Defendant Dr. Smith was incompetent and negligent, violating Plaintiff's Eighth Amendment rights. (Doc. 20-1, pp. 17-18). Plaintiff's allegation that Defendant Smith was incompetent and negligent fails to state a claim of deliberate indifference to a serious medical need because negligence is not actionable under § 1983. *See Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006) ("[t]he facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment"). Accordingly, the undersigned recommends that the claim of medical negligence against Defendant Smith be **DISMISSED**.

*Deliberate Indifference*

Plaintiff alleges that Defendant Nurse Brown did not provide Plaintiff with medical treatment, in that she failed to evaluate Plaintiff or perform a physical exam of Plaintiff's shoulder. (Doc. 20-1, p. 17). Plaintiff maintains that he filed a sick call slip to see Defendant Smith due to ongoing pain, and no treatment changes were offered. (*Id.* at p. 13). Plaintiff also appears to

allege that Defendant Health Services Administrator Satterfield did not respond quickly enough to P.A. Edwards' recommendation that Plaintiff needed new shoes. (*Id.* at p. 16). Further, Plaintiff contends that Defendant Dr. Henderson built a defense against Plaintiff's claims, rather than providing Plaintiff with treatment. (*Id.* at p. 22).

The undersigned finds that Plaintiff's claim of deliberate indifference against Defendants Smith, Nurse Brown, Satterfield, and Henderson withstands the Court's initial review. While it is by no means clear that Plaintiff will prevail on these claims, the claims of deliberate indifference against Defendants Smith, Nurse Brown, Satterfield, and Henderson are allowed to go forward at this time.

*Denial of Visitation*

Plaintiff contends that Defendants Keith Jones and Dedra Edwards denied him visitation with his children. (Doc. 20-1, pp. 23-24). Specifically, Plaintiff states that he provided a court order authorizing him to visit with his children, yet these Defendants still denied the visitation. (*Id.*). "[C]onvicted prisoners have no absolute right to visitation." *Beasley v. Wharton*, 683 F. Supp. 1234, 1236 (M.D. Ga. 1988). However, "the Eleventh Circuit has recognized that inmates retain some constitutional right to visitation, although that right may be curtailed by prison administrators[.]" *Austin v. Hopper*, 15 F.Supp.2d 1210, 1233 (M.D. Ala. 1998). The Court notes that Plaintiff has restated this claim that was contained in his Recast Complaint, which was allowed to proceed after the initial review. (*See* Doc. 11). Therefore, at this time, the claim of denial of visitation against Defendants Keith Jones and Edwards will be allowed to proceed.

13

*Retaliation*

Plaintiff has also re-alleged that Defendants Sgt. Johnson, Lt. Tarver[3], and Warden Tatum retaliated against Plaintiff. (Doc. 20-1, pp. 27-31). As a result of its first initial review on December 22, 2009, the Court allowed Plaintiff's claims of retaliation to proceed. (*See* Doc. 11). As Plaintiff has alleged the same claims in his Amended Complaint, the Court will allow the claims of retaliation against Defendants Johnson, Tarver, and Tatum to go forward.

**CONCLUSION**

*Previously filed Motions to Dismiss*

Plaintiff's Motions to Amend and Amended Complaint, which were filed in 2010, were originally denied. (Docs. 39, 40, 66). Eight (8) of the remaining original Defendants filed Motions to Dismiss, and Plaintiff moved for the Court to dismiss Nurse Brown (the last of the remaining original Defendants) because the Court had recommended that the Motions to Dismiss be granted. (Docs. 35, 64, 93). The Court notes that the Motions to Dismiss, which were filed after Plaintiff's Amended Complaint was filed, did not address the Amended Complaint. (*See* Docs. 35, 64). The Motions to Dismiss were granted, and after all the original Defendants had been dismissed and judgment had been entered, the Eleventh Circuit remanded the case, finding Plaintiff should have been allowed to amend his Complaint. (*See* Docs. 34, 96, 99, 112). As a result of the Eleventh Circuit's decision, the undersigned granted Plaintiff's Motions to Amend on January 3, 2013.

---

[3] Plaintiff initially named Defendant Lt. Talbert as the Defendant who allegedly retaliated against Plaintiff during Plaintiff's evening meal at CSP (Docs. 10, 20); however, defense counsel brought a Motion to Dismiss on behalf of Lt. Jessie Tarver for the alleged retaliation. After receiving Defendants' Motion to Dismiss and supporting documents, Plaintiff references Defendant Tarver in place of Defendant Talbert (*see* Docs. 35, 51). As both parties appear to be referring to the same Defendant, the Court will assume the correct Defendant is Defendant Lt. Jessie Tarver.

(Doc. 113).

The Court finds it appropriate to return the case to the same posture it would have been had Plaintiff's Motions to Amend been granted in 2010. If Plaintiff had been allowed to amend in 2010, the remaining original Defendants would, at that time, have not been dismissed and would have been ordered to respond to Plaintiff's Amended Complaint.

Accordingly, the undersigned **RECOMMENDS** that the Orders granting the Motions to Dismiss (Doc. 96) and the Motion to Withdraw Claim Against Nurse Brown (Doc. 99) be **VACATED**, and that all three Motions to Dismiss (Docs. 35, 64, 93) be **DENIED as moot**. *See M.W. ex rel Wang v. Clarke County School Dist.*, 2007 WL 2765572 (M.D. Ga., Sept. 20, 2007) (after granting plaintiff=s motion to amend, the court held that defendants= motion to dismiss must be denied as moot because it was based on the plaintiff=s original complaint); *Patterson v. Stathas*, 2006 WL 6885750 (S.D. Fla., Oct. 4, 2006) (dismissing the defendant's motion to dismiss as moot wherein the plaintiff was allowed to amend her complaint). The undersigned further recommends that the Judgment (Doc. 106) be **VACATED**.

*Dismissed Defendants*

Further, pursuant to an initial review of Plaintiff's Amended Complaint pursuant to §1915A(b), it is the **RECOMMENDATION** of the undersigned that the following Defendants be **DISMISSED** from this action: Dr. Saud, Warden Nelson, Danny Thompson, Jose Morales, Dr. Ayers, the Georgia State Pardons and Parole Board, Marty Allen, Warden Ammons, C.O. Jackson, Christine Cross, Elaine Hutto, Ramika Christian, Counselor Brown, the Medical College of Georgia, Counselor Nobles, Tim Jones, Sam Donaldson, Brian Owens, Governor Perdue, Attorney

General Thurbert Baker, Sgt. Clyde, Mr. Nix, P. Tillman, Thomas Sittnick, and Counselor Christian.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Remaining Defendants*

The Court notes that Plaintiff's Amended Complaint includes the allegations that were allowed to go forward following the initial review of his Recast Complaint. As the remaining claims in the Recast Complaint have been incorporated by Plaintiff into the Amended Complaint, the Amended Complaint replaces Plaintiff's Recast Complaint.

Accordingly, the undersigned finds that the following Defendants and claims, as alleged in the Amended Complaint, are allowed to go forward at this time:

- **H.S.A. Satterfield** –alleged to have failed to respond quickly enough to non-party P.A. Edwards' recommendation that Plaintiff needed new shoes
- **Dr. Henderson** –alleged to have failed to provide Plaintiff with adequate medical treatment
- **Dr. Smith** –alleged to have failed to provide Plaintiff with adequate medical treatment
- **Nurse Brown** –alleged to have failed to provide Plaintiff with adequate medical treatment
- **Keith Jones** –alleged to have denied Plaintiff visitation with his children
- **Dedra Edwards** –alleged to have denied Plaintiff visitation with his children
- **Sgt. Johnson** –alleged to have retaliated against Plaintiff
- **Lt. Tarver** –alleged to have retaliated against Plaintiff
- **Warden Tatum** –alleged to have retaliated against Plaintiff

Defenses asserted in Motions to Dismiss previously filed by Defendants Smith, Jones, Edwards, Johnson, Tarver, and Tatum have not been reconsidered. These Defendants are hereby

16

**ORDERED AND DIRECTED** to file a response to Plaintiff's Amended Complaint within **THIRTY (30) DAYS** of the date of this Order. If appropriate, these Defendants may re-file a previously filed Motion to Dismiss, and may reassert any defenses previously asserted in their Motions to Dismiss, as well as any new defenses.

Because Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*, **IT IS HIS RESPONSIBILITY TO SERVE THE COMPLAINT UPON DEFENDANTS H.S.A. SATTERFIELD, DR. HENDERSON, AND NURSE BROWN**. Defendant Brown was named in the Recast Complaint; however, Plaintiff did not have a correct address for Defendant Brown, and as such, she was never served. **IT IS ORDERED AND DIRECTED** that the Clerk of Court mail Plaintiff a Rule 4 packet so that he may make service on these three Defendants.

**SO ORDERED AND RECOMMENDED**, this 10th day of April, 2013.

                                                   s/ *THOMAS Q. LANGSTAFF*
                                                   **UNITED STATES MAGISTRATE JUDGE**

llf