IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DONALD W. TOENNIGES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | **1:09-CV-165 (WLS)** |
| | : | |
| WARDEN AMMONS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on November 4, 2009. (Doc. 1). Presently pending in this action are Defendants Edwards, Johnson, Jones, Smith, Tarver, and Tatum's Motion to Dismiss, Defendant Henderson's Motion to Dismiss, and Defendant Brown's Motion to Dismiss. (Docs. 118, 126, 128).

**Background**

On February 22, 2011, the undersigned filed a Recommendation recommending that several Defendants' motions to dismiss be granted. (Doc. 91). The district judge assigned to this case adopted the 2011 Recommendation, and granted the motions to dismiss. (Doc. 96). Plaintiff appealed the subsequent judgment, and the Eleventh Circuit Court of Appeals remanded the case to allow Plaintiff's Complaint to be amended. (Doc. 112). The undersigned completed the initial review of Plaintiff's Amended Complaint[1], ordered several previous Defendants to file a responsive pleading to the Amended Complaint, and ordered Plaintiff to serve three Defendants.

---

[1] The undersigned notes that the Recommendation filed pursuant to the initial review of the Amended Complaint (Doc. 117) has not yet been ruled on by the district judge assigned to this case.

(Doc. 117). Defendants Edwards, Johnson, Jones, Smith, Tarver, and Tatum have filed a Motion to Dismiss reasserting defenses raised in their original motions to dismiss, and Defendants Henderson and Brown have now filed Motions to Dismiss.

In his Amended Complaint, Plaintiff makes several different allegations regarding the violation of his rights while being housed at Autry State Prison ("ASP"), Calhoun State Prison ("CSP"), and Johnson State Prison ("JSP"). (Doc. 20-1). Plaintiff asserts that Defendant Brown, a nurse at CSP, Defendant Smith, a doctor at ASP, Defendant Henderson, a doctor at JSP, and Defendant Satterfield, a health services administrator, were deliberately indifferent to Plaintiff's medical needs. Plaintiff contends that Defendant Jones, a deputy warden at ASP, and Defendant Edwards, an administrative assistant at CSP, denied Plaintiff visitation with his children. Plaintiff also brings claims of retaliation against Defendant Johnson, a sergeant at ASP, for having known gang members run Plaintiff out of his dorm at 3:00 a.m., against Defendant Tarver, a lieutenant at CSP, for slamming his fist and cursing at Plaintiff, and against Defendant Tatum, the warden at CSP, for transferring Plaintiff to Coffee County Correctional Facility.

*Failure to Exhaust*

Defendants Jones, Johnson, Smith, Tatum, Edwards, and Tarver filed a Motion to Dismiss stating, among other things, that this action should be dismissed due to Plaintiff's failure to exhaust the administrative remedies available to him. (Doc. 118). Defendant Henderson, represented by the same counsel as the above stated Defendants, filed a Motion to Dismiss stating the same arguments for the dismissal of this action. (Doc. 126)[2]. As the arguments in these two

---

[2]Defendant Henderson was served later in this action, which is why his Motion to Dismiss was filed separately.

Motions to Dismiss are identical, the Motions will be addressed simultaneously.

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants' Motions and Plaintiff's Responses reveals a conflict. In Plaintiff's Responses, Plaintiff appears to maintain that he did all that was necessary to exhaust. (Docs. 121, 136, 143). Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims alleged in his Amended Complaint. (Docs. 118-1, 126-1). Accepting Plaintiff's allegations as true, Plaintiff's claims are not subject to dismissal pursuant to the first step of the *Turner* analysis. In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92. To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal. Georgia Dep't of Corrections SOP IIB05-001 § VI; (*See* Doc. 118-2, Attachment B).

Defendants contend, and support with affidavits from Sakita Ross, the grievance coordinator at ASP, James Spann, the grievance coordinator at CSP, and Tracey Lumpkin, a counselor and grievance coordinator at JSP, that Plaintiff did not exhaust any grievances regarding the allegations stated in the Amended Complaint. (Docs. 118-1; 126-1; 118-2, Ross Aff.; 118-3, Spann Aff.; 126-1, Lumpkin Aff.). The affidavit testimony establishes the presence of a grievance system at ASP, CSP, and JSP, and that Plaintiff filed grievances while housed at these three facilities. (*Id.*). Defendants provided the Court with copies of the grievances filed by Plaintiff. (Docs. 118-2, 118-3, 126-1).

A. *Autry State Prison Claims*

While housed at ASP, Plaintiff filed an informal grievance number 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 requesting that his medical profile be updated, his medications be refilled, and that he be provided with information about his shoes. (Doc. 118-2, Ross Aff. ¶ 24, and pp. 27-28). This grievance was not resolved, and Plaintiff filed a formal grievance and appealed the issue to the Commissioner's office. (*Id.* at Ross Aff. ¶ 24, and pp. 30-31). Plaintiff filed a second informal grievance, number 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, complaining of being forced from his dorm at 3:00 a.m. by 20 to 30 inmates at the direction of Defendant Johnson. (*Id.* at Ross Aff. ¶ 25, and pp. 33-34). After the informal

grievance was not resolved, Plaintiff filed a formal grievance and appealed to the Commissioner's office. (*Id.* at Ross Aff. ¶ 25, and pp. 36, 38-39)

*(1) Deliberate Indifference*

In the Amended Complaint, Plaintiff alleges that Defendant Smith failed to provide Plaintiff with a treatment change after Plaintiff filed a sick call slip. (Doc. 20-1). In his Response to the Motion to Dismiss, Plaintiff states that he filed a grievance complaining about his medical problems prior to the alleged incident with Defendant Smith, and as such, he has exhausted his claim against Defendant Smith. (Doc. 121).

Plaintiff exhausted grievance number 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, which requested that his medical profile be updated, his medications be refilled, and that he be provided with information about his shoes. (Doc. 118-2, Ross Aff. ¶ 24, and pp. 27-28). This grievance does not assert that Defendant Smith failed to change Plaintiff's treatment, nor does the grievance indicate that Plaintiff's attempt to receive a change in treatment was ignored. Further, the informal grievance was filed a month prior to the alleged actions of Defendant Smith. This grievance does not relate to the deliberate indifference claim alleged against Defendant Smith. As Plaintiff did not file a grievance pertaining to this alleged denial of medical treatment, he has failed to exhaust his administrative remedies regarding his claim alleged against Defendant Smith.

*(2) Retaliatory Conduct*

Plaintiff alleges that, in an act of retaliation, Defendant Johnson had gang members run Plaintiff from his dorm at 3:00 a.m. (Doc. 20-1, pp. 27-28). Plaintiff exhausted grievance number 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, which alleged that Defendant Johnson ran Plaintiff from his dorm in the middle of the night. However, in that grievance, Plaintiff did not allege that Defendant Johnson

acted out of retaliation.

When filing a grievance, Plaintiff is required to include all the relevant information available. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). Plaintiff must, at a minimum, grieve that Defendant Johnson retaliated against him. Grievance 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 did not allege retaliation. As Plaintiff did not grieve the alleged retaliatory conduct, he has failed to exhaust his administrative remedies as to the claim alleged against Defendant Johnson. *See Martinez v. Minnis*, 257 Fed. Appx. 261, 265 n. 5 (11th Cir. 2007) (finding that the plaintiff failed to exhaust his retaliation claim when the grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide ... notice of allegedly retaliatory action"); *Ismail Khalid v. Herczeg*, 2006 WL 1735874 (M.D. Ga. June 21, 2006) (finding a fully exhausted grievance against the defendant did not address the underlying claim of retaliation, and therefore the claim of retaliation was unexhausted).

*(3) Denial of Visitation*

Plaintiff alleges that Defendant Jones denied Plaintiff visitation with his children after Plaintiff provided him with a copy of a court order authorizing visitations. (Doc. 20-1, pp. 23-24). While housed at ASP, Plaintiff did not file any grievance complaining of the fact that he was denied visitation with his children. (Doc. 118-2, Ross Aff. ¶ 31). Plaintiff claims that because he had a court order authorizing visitation, he did not need to file a grievance. (Doc. 121).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes[.]" *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff must completely exhaust an administrative grievance complaining of the denial of visitation before he can pursue this claim. Accordingly, Plaintiff failed to exhaust his

administrative remedies regarding his claim alleged against Defendant Jones.

B. <u>Calhoun State Prison Claims</u>

While housed at CSP, Plaintiff filed four grievances. (Doc. 118-3, Spann Aff. ¶ 22). Plaintiff filed grievances complaining about his orthopedic shoes (number 8580), his mail not being sent properly (number 16414), and complaining that a grievance coordinator failed to follow the emergency grievance procedure (number 16537). (*Id*. at ¶¶ 23-25). These three grievances make no reference to the claims alleged in Plaintiff's Amended Complaint, and therefore exhaustion of these grievances is not relevant to the question of whether the claims alleged in Plaintiff's Amended Complaint were properly exhausted. Plaintiff also filed grievance number 27644, stating that Defendant Tarver slammed his hand on Plaintiff's table and cursed at Plaintiff. (*Id.* at ¶ 26, and p. 47). Plaintiff refused to sign this informal grievance after it was denied, and did not file a formal grievance and appeal. (*Id.* at Spann Aff. ¶ 26).

*(1) Retaliatory Conduct*

In his Amended Complaint, Plaintiff alleges that Defendant Tarver retaliated against Plaintiff when Plaintiff checked his watch at the evening meal after being told to get up. (Doc. 20-1, pp. 28-29). Defendant Tarver allegedly slammed his fist on the table and cursed at Plaintiff. Plaintiff filed informal grievance number 27644 complaining about the incident; however, when the informal grievance was not resolved, Plaintiff refused to sign it and did not file a formal grievance and appeal. (Doc. 118-3, Spann Aff. ¶ 26). In his Response, Plaintiff maintains that Defendants defaulted by not timely responding to grievance 27644. (Doc. 121).

A delay in receiving a grievance from the prison staff does not excuse exhaustion. *See Baker v. Alston*, 2009 WL 2914064, *6 (S.D. Ga., Sept. 10, 2009) (finding the plaintiff did not

7

exhaust the administrative remedies when he alleged that the grievance counselor delayed in providing him the response to his informal grievance).   Plaintiff was administratively required to complete a formal grievance and an appeal to the Commissioner's office.   Georgia Dep=t of Corrections SOP IIB05-001 § VI; (Doc. 118-3, Attachment A).   As Plaintiff did not file a formal grievance and an appeal regarding this alleged retaliatory action, he failed to exhaust the administrative remedies available to him as to the claim alleged against Defendant Tarver.

Plaintiff also alleges that he was transferred from CSP to Coffee County Correctional Facility ("CCF") by Defendant Tatum in retaliation for writing a letter.   (Doc. 20-1, p. 30).   In his Response, Plaintiff states that the grievance process was not available to him because CCF would not accept a grievance about CSP.   (Doc. 121).

In order to demonstrate that administrative remedies are unavailable, Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process.   *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999).   Plaintiff provided a vague statement in his Response asserting that an unnamed counselor said that CCF "does not accept or file grievances for" CSP.   (Doc. 121, p. 9).   Plaintiff has not provided the Court with any evidence showing that he could not file a grievance, or that the grievance process was unavailable to him while he was housed at CCF.   Further, Plaintiff has provided no explanation as to why he did not file an out-of-time grievance alleging the retaliatory transfer upon his arrival at JSP (three weeks after the alleged retaliation), which was prior to the initiation of this lawsuit.   (*See* Doc. 118-3); *see Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (a plaintiff who fails to seek leave to file an out-of-time grievance fails to exhaust his administrative remedies as required by the PLRA).

Plaintiff=s assertion that CCF would not accept a grievance about CSP does not persuade

8

the Court that he was blocked from the grievance process and could not grieve the alleged retaliation. *See Kozuh v. Nichols*, 185 Fed. Appx. 874, 878 (11th Cir. 2006) (finding dismissal is proper when there is no evidence to support the inmate's claim that he was "thwarted" from bringing grievances or that the grievance process was unavailable); *Seymour v. Philbin*, 2011 WL 4449674 (M.D. Ga., Sept. 7, 2011) adopted by *Seymour v. Philbin*, 2011 WL 4454167 (M.D. Ga., Sept. 26, 2011) (finding that the plaintiff did not show that his access to the grievance process was blocked when he asserted that he did not know about the grievance system and that he was told by counselors that he could not file a grievance); *Badger v. Parsons*, 2009 WL 2634073, *4 (S.D. Ga. Aug. 26, 2009) (determining the plaintiff's own self-serving statements that administrative remedies were unavailable were insufficient to show that the grievances process was unavailable). As Plaintiff failed to grieve the alleged retaliatory transfer, he has failed to exhaust his administrative remedies regarding his claim alleged against Defendant Tatum.

*(2) Denial of Visitation*

Plaintiff asserts that Defendant Edwards denied him visitation with his children, even after Plaintiff provided her with documentation of court ordered visitations. (Doc. 20-1, p. 24). While housed at CSP, Plaintiff did not file any grievance complaining of the fact that he was denied his visitation rights. Plaintiff asserts that he did not need to grieve the issue because he had a court order allowing visitation with his children. (Doc. 121). Complete administrative exhaustion is a precondition to filing a lawsuit under the PLRA. *Woodford*, 548 U.S. at 88; *see Porter*, 534 U.S. at 532 (an inmate must exhaust all claims relating to prison life). Plaintiff must completely exhaust an administrative grievance complaining of the denial of visitation before he can pursue this claim. Accordingly, Plaintiff failed to exhaust his administrative remedies regarding his claim

alleged against Defendant Edwards.

C. *Johnson State Prison Claim*

In his Amended Complaint, Plaintiff alleges that Defendant Henderson was deliberately indifferent to Plaintiff's serious medical needs when he failed to provide Plaintiff with medical treatment. (Doc. 20-1, p. 21-22). Defendant Henderson filed a separate Motion to Dismiss regarding the claim against him, which arose while Plaintiff was housed at JSP. (Doc. 126).

Plaintiff filed four grievances while housed at JSP or concerning JSP staff. (Doc. 126-1, Exhibit 1, Lumpkin Aff. ¶ 20). Plaintiff filed grievance number 51466 complaining that an officer failed to sign him out for library time, grievance number 58309 stating that he was denied visitation by a non-party counselor, grievance number 57633 complaining that JSP was overcrowded, and grievance number 62665 contending that his transfer to Wilcox State Prison was in retaliation for Plaintiff challenging the visitation policy at JSP. (*Id.* at ¶¶ 21-24, and Attachments D-G). Plaintiff failed to file any grievances complaining of Defendant Henderson's alleged unconstitutional actions. (Doc. 126-1, Exhibit 1, Lumpkin Aff. ¶ 25).

Plaintiff contends that he has exhausted the administrative remedies available to him because he filed a grievance in 2006 complaining of inadequate medical treatment. (Docs. 136, 143). A general grievance filed years prior to Defendant Henderson's alleged actions does not satisfy the exhaustion requirement. *See Pickett v. Hart*, 2008 WL 4446562, *2, n. 2 (M.D. Ga., Sept. 26, 2008) ("Plaintiff's general claims of deliberate indifference to a serious threat of harm do not provide prison officials with enough information to place them on notice of the claim or to provide them with an opportunity to resolve whether the denial was improper before being haled into court.") (internal quotations omitted); *Daker v. Chatman*, 2007 WL 4061961 (N.D. Ga., Oct.

10

31, 2007); *Vandiver v. Martin*, 48 Fed.Appx. 517, 519 (6th Cir. 2002) ("The exhaustion requirement would be defeated if an inmate were permitted to raise additional issues and name additional defendants in a § 1983 action that were never mentioned in the grievance."). As Plaintiff failed to file a grievance regarding the claim of deliberate indifference against Defendant Henderson, Plaintiff has failed to exhaust the administrative remedies available to him as to this claim.

*Conclusion*

The Court finds that Plaintiff has not exhausted several claims underlying this lawsuit, in that, he has not utilized available administrative remedies to grieve the alleged offenses of several Defendants. Plaintiff failed to exhaust the administrative remedies available to him as to the claims alleged against Defendants Edwards, Johnson, Jones, Smith, Tarver, Tatum, and Henderson. Accordingly, it is the recommendation of the undersigned that Defendants Edwards, Johnson, Jones, Smith, Tarver, and Tatum's Motion to Dismiss be **GRANTED.** It is also the recommendation of the undersigned that Defendant Henderson's Motion to Dismiss be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

***Defendant Brown's Motion to Dismiss (Doc. 128)***

Defendant Brown filed her Motion to Dismiss on July 22, 2013, asserting that the claim against her should be dismissed, in part, because Plaintiff failed to serve Defendant Brown within

120 days of the date the Amended Complaint was filed.  (Doc. 128-1).

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  However, if the plaintiff shows good cause for the failure to timely serve the defendant, the Court must extend the time for service.  Fed.R.Civ.P. 4(m).

In cases involving a prisoner plaintiff, the Court orders service after an initial review has been completed and it is determined that valid claims exist.  "[B]ecause the 120 day period specified in Rule 4(m) can expire while a plaintiff is waiting, once a plaintiff submits a complaint within the limitations period, the 120 day period is suspended until the district judge authorizes the issuance of the summons and service of the complaint."  *Goni v. Halloran*, 2008 WL 5111262, *1 (S.D. Fla., Dec. 3, 2008); s*ee Thomas v. Kapp*, 2007 WL 3012671, *1 (N.D. Fla., Oct. 11, 2007) ("Plaintiff's complaint will not be served until the Court determines that he has stated valid claims for relief.").

Plaintiff paid the full filing fee and did not proceed *in forma pauperis*; thus, it is his responsibility to serve the Amended Complaint upon Defendant Brown.  (*See* Doc. 117, p. 17). The Court authorized the claim against Defendant Brown as alleged in Plaintiff's Amended Complaint to proceed on April 10, 2013.  (Doc. 117).  Accordingly, Plaintiff had 120 days from April 10, 2013, or until August 8, 2013, to serve Defendant Brown.

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual may be completed

> by doing any of the following: (A) delivering a copy of the

> summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Service may also be completed by following the state law for serving summons in the state where service is made or the state where the district court is located. Fed. R. Civ. P. 4(e). Under Georgia law, the applicable state in this case, a defendant can be served personally, by leaving copies of the summons and complaint at the defendant's dwelling place with someone of suitable age and discretion residing there, or by delivering the documents to an authorized agent. O.C.G.A. § 9-11-4(e)(7).

Plaintiff filed a notice with the Court declaring under penalty of perjury that he mailed the Amended Complaint and waiver of service to Defendant Brown's last known address by first class/certified mail on May 23, 2013. (Doc. 120). (Defendant Brown has not returned the waiver of service to the Court, and thus, there is no indication that Defendant Brown has waived personal service.) "[S]ervice of process by certified mail is not a proper method for serving an individual in Georgia". *McHaffie v. Wells Fargo Bank, N.A.*, 2011 WL 2174407, *3 (M.D. Ga., June 2, 2011). As service of the Amended Complaint was attempted only through first class/certified mail, the Court finds that Defendant Brown has not been properly served and the time for serving her has expired. Plaintiff has not shown good cause for his failure to timely serve Defendant Brown, and therefore there is no basis for the Court to extend the time for service.

*Conclusion*

Plaintiff has failed to properly serve Defendant Brown in this action. Accordingly, it is the

recommendation of the undersigned that Defendant Brown's Motion to Dismiss be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Defendant Satterfield*

Plaintiff has filed a Response to a Show Cause Order in which he requests the Court dismiss his claim against Defendant Satterfield without prejudice. (Doc. 144). As Defendant Satterfield has not been served and has filed no answer in this matter, it is the recommendation of the undersigned that Plaintiff's request be granted and that Defendant Satterfield be **DISMISSED without prejudice** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

There will be no remaining Defendants in this case should the April 10, 2013 Recommendation and each of the above stated recommendations be adopted by the district judge assigned to this case.

**SO RECOMMENDED**, this 26th day of November, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE