# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DONALD W. TOENNIGES, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:09-CV-165 (WLS) |
| WARDEN AMMONS, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed November 26, 2013. (Doc. 145) Therein, Judge Langstaff recommends that the Motion to Dismiss filed by Defendants Jones, Johnson, Smith, Tatum, Edwards, and Tarver (Doc. 118), Defendant Henderson's Motion to Dismiss (Doc. 126), and Defendant Brown's Motion to Dismiss (Doc. 128) be **GRANTED**. After obtaining an extension from Judge Langstaff, Plaintiff filed Objections to the Recommendation. (Docs. 146, 147, 149.) Because Plaintiff's Objections were timely, the Court has given the Objections careful consideration.

Judge Langstaff recommends dismissal of the claims against Defendants Jones, Johnson, Smith, Tatum, Edwards, Tarver, and Henderson for failure to exhaust administrative remedies. (Doc. 145 at 11.) Judge Langstaff also recommends dismissal of the claim against Defendant Brown because she was not properly served. (*Id.* at 13-14.) Lastly, Judge Langstaff recommends dismissal without prejudice of the claim against Defendant Satterfield because he has not been served and has not filed an answer. (*Id.*)

1

Plaintiff objects to dismissal of his claim against Defendant Smith for failure to exhaust administrative remedies because the "original grievance was never fully exhausted until after Dr. Smith had seen [Plaintiff] regarding his serious medical needs that are at issue in this case." (Doc. 149 at 1.) This Objection is not responsive to Judge Langstaff's finding that Plaintiff did not properly exhaust administrative remedies as to the instant claim against Defendant Smith. (*See* Doc. 145 at 4.) While at Autry State Prison, where Plaintiff interacted with Defendant Smith, Plaintiff only filed two grievances. Both grievances were exhausted. However, one grievance was not related to Defendant Smith. The grievance that was related to Defendant Smith was filed one month before the actions giving rise to the instant cause of action against Defendant Smith occurred. Accordingly, Plaintiff has not exhausted administrative remedies as to his claim against Defendant Smith. Also, because Plaintiff does not dispute that he filed a grievance against Defendant Henderson over one year before the alleged conduct took place, the Court finds that Plaintiff failed to exhaust administrative remedies as to his claim against Defendant Henderson. (*See* Doc. 149 at 4.) Obviously, a grievance must address a past or existing matter, not anticipate one that has not yet occurred.

Plaintiff objects to dismissal of his claims against Defendants Jones and Edwards for denial of visitation. (*Id.* at 2, 4.) It appears that Plaintiff seeks to argue that he did not need to exhaust administrative remedies as to those claims because "if [Plaintiff was] required to grieve established court orders[, t]hat would set up an unsustainable grievance loop with no possible resolution." (*Id.* at 2.) Because there is no such exception to the exhaustion requirement of the Prison Litigation Reform Act (PLRA), the Court finds that Plaintiff has failed to exhaust administrative remedies as to his claims against Defendants Jones and Edwards. Also, Plaintiff objects to dismissal of his

2

claim against Defendant Tarver because "the administration[] default[ed] in the grievance procedure." (*Id.* at 2-3.) Again, there is no such exception to the PLRA's exhaustion requirement. Thus, the Court finds that Plaintiff has failed to exhaust administrative remedies as to his claim against Defendant Tarver.

Plaintiff objects to the dismissal of his claim against Defendant Tatum for retaliatory transfer because he claims that he was not required to file an out-of-time grievance. (*Id.* at 3.) Plaintiff claims that such a requirement is "inconsistent with controlling law." (*Id.*) However, as stated by Judge Langstaff (Doc. 145 at 8), the "controlling law" does require Plaintiff to seek leave to file an out-of-time grievance. *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (noting that the Georgia State Prison Inmate Grievance Procedures allow grievances to be filed after the typical time period if good cause is shown and, without seeking such leave, an inmate cannot be considered to have exhausted administrative remedies); *see also Toenniges v. Morales*, No. CV 311-083, 2012 WL 3027935, *6-*7 (S.D. Ga. June 26, 2012) (finding that plaintiff had administratively exhausted because evidence supported a finding that an out-of-time grievance had been filed and accepted). Plaintiff has not put forth any evidence that he filed an out-of-time grievance. As such, Plaintiff has failed to exhaust administrative remedies as to his claim against Defendant Tatum.

The Court notes that Plaintiff did not object to Judge Langstaff's recommendation to dismiss his claim against Defendant Johnson for failure to exhaust administrative remedies. The Court agrees with Judge Langstaff's recommendation to dismiss Defendant Johnson.

"[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district

3

court dismisses the action with prejudice.' " *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991)). The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend. *Id.* The decision should be made in light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits." *Id.* (citing *Bank*, 928 F.2d at 1112). Based on the foregoing, the claims against Defendants Smith, Henderson, Jones, Edwards, Tarver, Tatum, and Johnson are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Plaintiff also objects to Judge Langstaff's recommendation to dismiss Defendant Brown. (Doc. 149 at 5.) Judge Langstaff recommended dismissing Defendant Brown because Plaintiff failed to timely serve process on her and has not provided a proper basis to excuse such failure. (Doc. 145 at 13.) Plaintiff argues that Defendant Brown should not be dismissed because Defendant Brown's filings within the 120-day window established by Judge Langstaff's order to perfect service demonstrate that she was timely served and, because Defendant Brown did not challenge service within the 120-day window, she has "effectively waiv[ed] service." (Doc. 149 at 5.)

On May 28, 2013, Plaintiff filed a declaration of service as to Defendant Brown. (Doc. 120.) A Notice of Attorney Appearance was filed on Defendant Brown's behalf on June 24, 2013. (Doc. 124.) On July 22, 2013, Defendant Brown filed a Motion to Dismiss and Motion to Stay. (Docs. 127 & 128.) Defendant Brown's filings do not constitute a waiver of her ability to challenge service of process. *See* FED. R. CIV. PRO. 12(h). Further, her failure to waive service is of no consequence because Plaintiff did not subsequently effectuate service in a proper manner. *See* FED. R. CIV. PRO. 4(d)(2).

4

Because Plaintiff has failed to show good cause as to why he did not properly serve Defendant Brown, the Court agrees with Judge Langstaff's recommendation to dismiss her. The claim against Defendant Brown is thus **DISMISSED WITHOUT PREJUDICE.** Also, Plaintiff asks to dismiss without prejudice his claim against Defendant Satterfield. (Doc. 144.) The Court agrees with Judge Langstaff's recommendation to grant that request. Accordingly, Defendant Satterfield is **DISMISSED WITHOUT PREJUDICE.**

For the foregoing reasons, United States Magistrate Judge Thomas Q. Langstaff's October 15, 2013 Report and Recommendation (Doc. 145) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, the Motions to Dismiss presently under review (Docs. 118, 126, & 128) are **GRANTED.**

**SO ORDERED**, this  8th  day of January 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**